■ MAUREEN J. DELANEY, Respondent, v MATTHEW P. DELANEY, Appellant. [919 NYS2d 912]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals from a judgment of the Supreme Court, Nassau County (Mahon, J.), dated October 26, 2009, which, upon the denial of that branch of his motion pursuant to CPLR 4401, made at the close of the plaintiff's case, which was for judgment as a matter of law dismissing the cause of action to recover damages for breach of contract, upon the denial of his renewed motion pursuant to CPLR 4401, made at the close

of evidence, for judgment as a matter of law dismissing the cause of action to recover damages for breach of contract, upon a jury verdict in favor of the plaintiff and against him in the principal sum of $129,087.74, and upon the denial of his motion, in effect, pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of liability as unsupported by legally sufficient evidence and for judgment as a matter of law or to set aside the verdict as contrary to the weight of the evidence and for a new trial, is in favor of the plaintiff and against him in the principal sum of $129,087.74.

Ordered that the judgment is affirmed, with costs.

"To be entitled to judgment as a matter of law pursuant to CPLR 4401, a defendant has the burden of showing that there is no rational process by which the jury could find in favor of the plaintiff and against the moving defendant" (*Velez v Goldenberg*, 29 AD3d 780, 781 [2006]; *see Wehr v Long Is. R.R. Co.*, 38 AD3d 880, 880-881 [2007]). "In considering the motion for judgment as a matter of law, the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (*Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *see Centennial Contrs. Enters. v East N.Y. Renovation Corp.*, 79 AD3d 690 [2010]).

Viewing the evidence in the light most favorable to the plaintiff, as we must (*see Campbell v City of Elmira*, 84 NY2d 505, 509 [1994]; *Alexander v Eldred*, 63 NY2d 460, 464 [1984]; *Tribuzio v City of New York*, 15 AD3d 646, 647 [2005]), we find that a valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the jury here. Contrary to the defendant's contention, he failed to demonstrate that he was entitled to judgment as a matter of law based on his affirmative defense of the statute of frauds (*see* General Obligations Law § 5-701 [a] [1]). The evidence was insufficient to establish that the alleged agreement "[b]y its terms [was] not to be performed within one year from the making thereof" (General Obligations Law § 5-701 [a] [1]; *see North Shore Bottling Co. v Schmidt & Sons*, 22 NY2d 171, 175 [1968]; *Micena v Katz*, 68 AD3d 826, 827 [2009]; *cf. Pritsker v Soyferman*, 275 AD2d 738, 738-739 [2000]; *A. Aversa Brokerage v Honig Ins. Agency*, 249 AD2d 345, 346 [1998]). Accordingly, the trial court properly denied the defendant's motions for judgment as a matter of law pursuant to CPLR 4401.

Furthermore, under the circumstances of this case and according deference to the jury's "opportunity to see and hear the witnesses" (*Exarhouleas v Green 317 Madison, LLC*, 46 AD3d

854, 855 [2007]; *see Bertelle v New York City Tr. Auth.*, 19 AD3d 343 [2005]), we conclude that the verdict was based upon a fair interpretation of the evidence presented (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 745-746 [1995]; *Nicastro v Park*, 113 AD2d 129, 132 [1985]). Accordingly, the Supreme Court properly denied the defendant's motion which was, in effect, pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of liability as unsupported by legally sufficient evidence and for judgment as a matter of law or to set aside the verdict as contrary to the weight of the evidence and for a new trial. Angiolillo, J.P., Florio, Belen and Miller, JJ., concur.