■ LAUREN LIOUNIS, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Defendants, and MOUSSA ZLITA, Appellant. [938 NYS2d 176]—

" 'To be entitled to judgment as a matter of law pursuant to CPLR 4401, a defendant has the burden of showing that there is no rational process by which the jury could find in favor of the plaintiff and against the moving defendant' " (*Delaney v Delaney*, 83 AD3d 647, 648 [2011], quoting *Velez v Goldenberg*, 29 AD3d 780, 781 [2006]). " 'In considering the motion for judgment as a matter of law, the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant' " (*Delaney v Delaney*, 83 AD3d at 648, quoting *Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]). Contrary to the defendant Moussa Zlita's contention, viewing the facts in the light most favorable to the plaintiff, there was a rational process by which the jury could find that the plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Zlita's challenge to the Supreme Court's denial of that branch of his motion pursuant to CPLR 4404 (a) which was to set aside the jury verdict and for judgment as a matter of law is also without merit, as there was a valid line of reasoning and permissible inferences which could lead rational people to the conclusion reached by the jury on the basis of the evidence presented at trial (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]).

"A jury verdict should not be set aside as against the weight of the evidence unless the verdict could not have been reached on any fair interpretation of the evidence" (*Rosenfeld v Baker*, 78 AD3d 810, 811 [2010]; *see Lolik v Big V Supermarkets*, 86 NY2d 744 [1995]). " 'Where, as here, conflicting expert testimony is presented, the jury is entitled to accept one expert's opinion, and reject that of another expert' " (*Morales v Interfaith Med. Ctr.*, 71 AD3d 648, 650 [2010], quoting *Ross v Mandeville*, 45 AD3d 755, 757 [2007]). "When a verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view" (*Handwerker v Dominick L. Cervi, Inc.*, 57 AD3d 615, 616 [2008]; *see Tapia v Dattco, Inc.*, 32 AD3d 842, 842 [2006]). Here, a fair interpretation of the evidence supports the jury's conclusion that, based on the evidence before it, the plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident. Dickerson, J.P., Hall, Austin and Miller, JJ., concur.