To succeed on a motion for judgment as a matter of law pursuant to CPLR 4401, a defendant has the burden of showing *675 that there is no rational process by which the jury could find in favor of the plaintiff and against the moving defendant (see Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]; Ryan v New York City Tr. Auth., 89 AD3d 1005 [2011]; Magidenko v Consolidated Edison, 3 AD3d 553 [2004]). In determining whether the defendant has met this burden, a court must accept the plaintiff s evidence as true and accord the plaintiff the benefit of every reasonable inference which can reasonably be drawn from the evidence presented at trial (see Szczerbiak v Pilat, 90 NY2d at 556; Liounis v New York City Tr. Auth., 92 AD3d 643 [2012]; Velez v Goldenberg, 29 AD3d 780, 781 [2006]). Under the circumstances of this case, the motion of the defendant New York City Transit Authority (hereinafter the NYCTA) pursuant to CPLR 4401 was properly granted since the plaintiff, who had difficulty identifying the location of the subject accident, testified at trial that he did not know what had caused him to fall (see Knudsen v Mamaroneck Post No. 90, Dept. of N.Y. — Am. Legion, Inc., 94 AD3d 1058 [2012]; Capasso v Capasso, 84 AD3d 997 [2011]; Thompson v Commack Multiplex Cinemas, 83 AD3d 929 [2011]). Accordingly, the Supreme Court properly granted the NYCTA’s motion. Dillon, J.P., Leventhal, Austin and Miller, JJ., concur.