■ CHARMAINE NICHOLAS, Respondent, v C & F TRADING COMPANY et al., Appellants. [968 NYS2d 511]—

In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Queens County (McDonald, J.), entered September 26, 2011, which, upon the granting of the plaintiff's motion for summary judgment on the issue of liability, the granting of the plaintiff's motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of whether she sustained a serious injury within the meaning of Insurance Law § 5102 (d) that was causally related to the subject accident, made at the close of the evidence, and upon the denial of their cross motion pursuant to CPLR 4401, in effect, for judgment as a matter of law in their favor on the grounds that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) or establish causation, and upon a jury verdict on the issue of damages for past and future pain and suffering, is in favor of the plaintiff and against them in the principal sums of $150,000 for past pain and suffering and $100,000 for future pain and suffering.

Ordered that the judgment is affirmed, with costs.

On December 1, 2006, a vehicle driven by the plaintiff was struck in the rear by a truck driven by the defendant Zhikun Su and owned by the defendant C & F Trading Company. The plaintiff commenced this action against the defendants to recover damages for her personal injuries. She alleged in her bill of particulars that she sustained a serious injury as defined by Insurance Law § 5102 (d) under the categories of "permanent consequential limitation of use of a body organ or member," "significant limitation of use of a body function or system," and "a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment."

After the Supreme Court awarded summary judgment to the plaintiff on the issue of liability, the case proceeded to trial on the issue of damages before a jury. At the close of the evidence, the plaintiff moved pursuant to CPLR 4401 for judgment as a matter of law on the issue of whether her left shoulder injury was a serious injury within the meaning of Insurance Law § 5102 (d) that was causally related to the subject accident. The defendants cross-moved pursuant to CPLR 4401, in effect, for judgment as a matter of law in their favor on the grounds that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) or establish causation. The court granted the plaintiff's motion and denied the defendants' cross motion. The jury awarded the plaintiff the principal sums of $150,000 for past pain and suffering and $100,000 for future pain and suffering. The defendants appeal.

"A trial court's grant of a CPLR 4401 motion for judgment as a matter of law is appropriate where the trial court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party" (*Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *see Nunez v Motor Veh. Acc. Indem. Corp.*, 96 AD3d 917, 918 [2012]). "In considering the motion for judgment as a matter of law, the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (*Liounis v New York City Tr. Auth.*, 92 AD3d 643, 643 [2012] [internal quotation marks omitted]).

Here, the plaintiff testified that she had never injured her left shoulder or had any problem with it prior to the accident; on

the day after the accident, she experienced excruciating pain in the area of her left shoulder; she missed approximately seven months from work as a result of her shoulder injury; she still had pain, especially during inclement weather, in her shoulder; and her left shoulder was now weaker than her right shoulder. Further, the plaintiff's medical expert, an orthopedic surgeon, testified that upon his first examination of the plaintiff, he found that her left shoulder abduction was 120 degrees instead of the normal 180 degrees and her lateral rotation was 25 degrees, which was almost half of the normal lateral range of motion. He testified that when he performed arthroscopic surgery on the left shoulder, he observed injuries which were traumatic and not degenerative. The defendants did not call their own medical witness.

The plaintiff submitted unrefuted competent medical evidence to support her claims that she sustained a serious injury as defined by Insurance Law § 5102 (d) which was caused by the subject accident. Viewing the evidence in the light most favorable to the defendants, there was no rational process by which the jury could find that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the accident. Accordingly, the Supreme Court properly granted the plaintiff's motion pursuant to CPLR 4401 for judgment as a matter of law (see Liounis v New York City Tr. Auth., 92 AD3d at 643; Bergdoll v Perez, 282 AD2d 419, 420 [2001]; see e.g. Germain v Irizarry, 82 AD3d 833, 836 [2011]). Consequently, the court also properly denied the defendants' cross motion.

Moreover, the jury's award for past and future pain and suffering did not deviate materially from what would be considered reasonable compensation (see CPLR 5501 [c]; Conway v New York City Tr. Auth., 66 AD3d 948, 949 [2009]; Stylianou v Calabrese, 297 AD2d 798, 799 [2002]). Dillon, J.P., Angiolillo, Austin and Hinds-Radix, JJ., concur.