■ EDWIN POPE et al., Plaintiffs, v SAFETY AND QUALITY PLUS, INC., Respondent, and RC DOLNER, LLC, Appellant, et al., Defendant. (And a Third-Party Action.) [976 NYS2d 131]—

In an action to recover damages for personal injuries, etc., the defendant RC Dolner, LLC, appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Queens County (Kerrigan, J.), entered April 13, 2012, as, upon the granting of the motion of the defendant Safety and Quality Plus, Inc., pursuant to CPLR 4401 for judgment as a matter of law, made at the close of the evidence, is in favor of the defendant Safety and Quality Plus, Inc., and against it, in effect, dismissing its cross claims against that defendant, inter alia, for indemnification and contribution.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff Edwin Pope (hereinafter Pope) allegedly

sustained injuries when he stepped off an unguarded edge of an elevated concrete portion of a basement at a museum renovation site. Pope, the employee of a subcontractor, alleged that cardboard was piled next to the edge of the elevated area in such a manner that it overlapped with and obscured the edge. Pope, and his wife suing derivatively, commenced this action against, among others, the defendant RC Dolner, LLC (hereinafter RC Dolner), which was the general contractor on the renovation project, and the defendant Safety and Quality Plus, Inc. (hereinafter Safety), which was hired as a safety consultant by RC Dolner. RC Dolner asserted cross claims against Safety, inter alia, for indemnification and contribution.

The case proceeded to trial on the issue of liability on the plaintiffs' causes of action alleging violations of Labor Law § 200 and common-law negligence. The trial evidence showed that, prior to the accident, Safety had recommended that RC Dolner install a guardrail in the subject area and that, pursuant to that recommendation, RC Dolner had in fact installed a guardrail. No evidence was presented establishing who removed the guardrail, when the guardrail was removed, or who placed the cardboard in the subject area. At the close of the evidence, Safety moved pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint and all cross claims insofar as asserted against it. The Supreme Court granted the motion, finding that Safety, which was hired as a consultant with no supervisory authority, could not be held liable for Pope's injuries and RC Dolner could not maintain its cross claims against Safety. A judgment was entered on April 13, 2012, inter alia, dismissing the complaint and all cross claims insofar as asserted against Safety. RC Dolner appeals from so much of the judgment as, in effect, dismissed its cross claims against Safety for indemnification and contribution.

"A trial court's grant of a CPLR 4401 motion for judgment as a matter of law is appropriate where the trial court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party" (Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]; see Nicholas v C & F Trading Co., 107 AD3d 769, 770 [2013], lv denied 22 NY3d 852 [2013]; Coates v Corporation of Presiding Bishop of Church of Jesus Christ of Latter Day Sts., 104 AD3d 896, 897 [2013]). "In considering the motion for judgment as a matter of law, the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (Szczerbiak v Pilat, 90 NY2d

at 556; *see Nicholas v C & F Trading Co.*, 107 AD3d at 770; *Liounis v New York City Tr. Auth.*, 92 AD3d 643 [2012]; *Sung Kyu-To v Triangle Equities, LLC*, 84 AD3d 1058, 1059 [2011]).

The Supreme Court properly granted those branches of Safety's motion which were to dismiss RC Dolner's cross claims against Safety seeking common-law indemnification. Here, no rational jury could have found that Safety was responsible for providing the plaintiff with a safe place to work (*see Frumusa v Weyer Constr.*, 245 AD2d 416, 417 [1997]) or had the authority to supervise or control the performance of the work that allegedly brought about Pope's injury (*see O'Sullivan v IDI Constr. Co., Inc.*, 7 NY3d 805 [2006]; *Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343 [1998]; *Chowdhury v Rodriguez*, 57 AD3d 121 [2008]; *Curreri v Heritage Prop. Inv. Trust, Inc.*, 48 AD3d 505, 507 [2008]).

The Supreme Court also properly granted that branch of Safety's motion which was to dismiss RC Dolner's cross claim for contractual indemnification, as no rational view of the evidence could support a finding that the subject accident fell within the indemnification clause of the contract between RC Dolner and Safety (*see generally Great N. Ins. Co. v Interior Constr. Corp.*, 7 NY3d 412, 417 [2006]; *Rodrigues v N & S Bldg. Contrs., Inc.*, 5 NY3d 427, 433 [2005]; *Tonking v Port Auth. of N.Y. & N.J.*, 3 NY3d 486, 490 [2004]; *Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491 [1989]).

RC Dolner's remaining contention is without merit. Rivera, J.P., Dillon, Roman and Miller, JJ., concur.