█ CHRISTOPHER CICOLA, Respondent, v COUNTY OF SUFFOLK et al., Appellants. [993 NYS2d 131]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, (1) from so much of an order of the Supreme Court, Suffolk County (Garguilo, J.), entered July 27, 2012, as, upon, in effect, reargument, adhered to its prior determinations (a) denying their motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint, and (b) denying those branches of their motion pursuant to CPLR 4404 (a) which were to set aside a jury verdict in favor of the plaintiff and against them on the issue of damages finding that the plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) under the significant limitation of use and permanent consequential limitation of use categories as a result of the subject accident and awarding the plaintiff damages for past pain and suffering in the principal sum of $325,000, and future pain and suffering in the principal sum of $250,000, and for judgment as a matter of law or, alternatively, to set aside the jury verdict as contrary to the weight of the evidence and excessive and for a new trial on the issues of causation and damages for past and future pain and suffering, and (2) from so much of a judgment of the same court dated August 3, 2012, as, upon an order of the same court (Baisley, Jr., J.), dated September 17, 2007, granting the plaintiff's motion for summary judgment on the issue of liability, upon the jury verdict, and upon the order entered July 27, 2012, is in favor of the plaintiff and against them in the principal sums of $325,000 for past pain and suffering and $250,000 for future pain and suffering.

Ordered that the appeal from the order entered July 27, 2012, is dismissed; and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs,

that branch of the defendants' motion pursuant to CPLR 4404 (a) which was to set aside, as excessive, the jury verdict on the issue of damages for past and future pain and suffering is granted, the order entered July 27, 2012, is modified accordingly, and the matter is remitted to the Supreme Court, Suffolk County, for a new trial on the issue of damages for past and future pain and suffering, unless, within 30 days after service upon the plaintiff of a copy of this decision and order, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Suffolk County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering from the principal sum of $325,000 to the principal sum of $150,000, and to reduce the verdict as to damages for future pain and suffering from the principal sum of $250,000 to the principal sum of $100,000, and to the entry of an appropriate amended judgment accordingly; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed insofar as appealed from, without costs or disbursements.

The appeal from the intermediate order entered July 27, 2012, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

On January 11, 2007, a vehicle owned by the defendant County of Suffolk and operated by the defendant Deputy Sheriff Glenn S. Muller, struck the plaintiff's vehicle in the rear.

The plaintiff commenced this action against the defendants claiming that he sustained a serious injury within the meaning of Insurance Law § 5102 (d) under the significant limitation of use and permanent consequential limitation of use categories as a result of the subject accident. The plaintiff alleged that, as a result of the accident, he sustained injuries to the cervical region of his spine, which required two spinal fusion surgeries and a period of physical therapy and other related medical treatment. The plaintiff's bill of particulars did not allege that the plaintiff's injuries were related to a preexisting condition that was exacerbated by the subject accident. The plaintiff was awarded summary judgment on the issue of liability, and a jury trial on the issue of damages followed.

At the damages trial, the plaintiff's treating physicians testified that any preexisting degenerative disk condition represented simple normal wear and tear for someone the plaintiff's

age, and was so minimal that it played no role in the plaintiff's injuries caused by the accident. The defendants maintained that the plaintiff's injuries were the result of aggravation of a preexisting degenerative condition. The orthopedic surgeon who examined the plaintiff on the defendants' behalf opined that while he found significant limitations in the range of motion in the cervical region of the plaintiff's spine, they were attributable to the preexisting degenerative disk disease that was present prior to the accident.

The jury found that the plaintiff's injuries were caused by the subject accident and awarded him damages for, inter alia, past and future pain and suffering. Following an order entered July 27, 2012, which, upon reargument, adhered to the prior denial of the defendants' CPLR 4401 and 4404 motions, judgment was entered in favor of the plaintiff and against the defendants, among other things, in the principal sums of $325,000 for past pain and suffering and $250,000 for future pain and suffering.

" 'To be entitled to judgment as a matter of law pursuant to CPLR 4401, a defendant has the burden of showing that there is no rational process by which the jury could find in favor of the plaintiff and against the moving defendant' " (*Delaney v Delaney*, 83 AD3d 647, 648 [2011], quoting *Velez v Goldenberg*, 29 AD3d 780, 781 [2006]). In considering the motion for judgment as a matter of law, "the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (*Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *see Delaney v Delaney*, 83 AD3d at 648). Contrary to the defendants' contention, viewing the facts in the light most favorable to the plaintiff at the end of the plaintiff's case, there was a rational process by which the jury could find that the plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) which was proximately caused by the subject accident. The plaintiff's treating physicians testified that any preexisting degenerative condition was minimal and insignificant and would have no bearing in this case, and that, in their opinions, the accident caused the herniation of the subject disks in the plaintiff's cervical spine. They noted that the minimal degenerative process seen on the plaintiff's initial X rays was asymptomatic and played no role in his injury or in their treatment. They also testified that all of the other disks depicted in the X ray showed good "heights," and that to become clinically significant, one would expect to see worn out disks and thickened "N plates," none of which was present.

The defendants' challenge to the Supreme Court's denial of that branch of their motion pursuant to CPLR 4404 (a), which was to set aside the jury verdict and for judgment as a matter of law, is also without merit, as there was a valid line of reasoning and permissible inferences which could lead rational people to the conclusion reached by the jury on the basis of the evidence presented at trial (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]).

A jury verdict is contrary to the weight of the evidence when the evidence so preponderates in favor of the movant that the verdict could not have been reached on any fair interpretation of the evidence (*see Nolan v Union Coll. Trust of Schenectady, N.Y.*, 51 AD3d 1253, 1255 [2008]; *Biello v Albany Mem. Hosp.*, 49 AD3d 1036, 1037 [2008]). Where, as here, conflicting expert testimony is presented, the jury is entitled to accept one expert's opinion, and reject that of another expert (*see Liounis v New York City Tr. Auth.*, 92 AD3d 643, 644 [2012]; *Ross v Mandeville*, 45 AD3d 755, 757 [2007]). "Issues of credibility are for the jury, which had the opportunity to observe the witnesses and the evidence. Its resolution is entitled to deference" (*Lalla v Connolly*, 17 AD3d 322, 323 [2005]; *see Robinson v City of New York*, 300 AD2d 384, 385 [2002]). "[A] successful party is entitled to a presumption that the jury adopted a reasonable view of the evidence" (*see Lalla v Connolly*, 17 AD3d at 323). Here, the only testimony presented at trial that a preexisting degenerative disk disease may have caused the disk herniation or played any role in the plaintiff's claimed injuries was elicited from the defendants' examining orthopedic surgeon. The jury was entitled to reject that testimony, given that the expert failed to account for the plaintiff being asymptomatic pre-accident and disregarded his own range of motion testing, which revealed significant limitations in the movement of the plaintiff's neck. Thus, a fair interpretation of the evidence supports the jury's conclusion that, based on the evidence before it, the plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Nonetheless, under the circumstances of this case, the award of damages deviated materially from what would be reasonable compensation to the extent indicated herein (*see* CPLR 5501 [c]; *see also Sanz v MTA-Long Is. Bus*, 46 AD3d 867, 869 [2007]).

The defendants' remaining contentions are without merit. Mastro, J.P., Austin, Sgroi and Miller, JJ., concur.