SALVATORE CIOFFI, Respondent, v RONALD KLEIN et al., Appellants, et al., Defendant. [15 NYS3d 845]—

In an action to recover damages for personal injuries, the defendants Ronald Klein and Stephanie Muller appeal from an interlocutory judgment of the Supreme Court, Rockland County (Berliner, J.), entered November 17, 2014, which, upon the denial of their motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against them, made at the close of evidence, upon a jury verdict on the issue of liability finding them 50% at fault in the happening of the subject accident, and upon an order of the same court dated June 13, 2013, denying their motion, in effect, for a new trial, is in favor of the plaintiff and against them on the issue of liability adjudging them 50% at fault in the happening of the accident.

Ordered that the interlocutory judgment is reversed, on the law, with costs, the appellants' motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against them is granted, and the complaint is dismissed insofar as asserted against the appellants.

On February 2, 2010, the plaintiff, a United Parcel Service deliveryperson, allegedly was injured when he tripped and fell over a height differential between the roadway and the lip of a driveway as he attempted to deliver a package to the residence of the defendants Ronald Klein and Stephanie Muller (hereinafter together the appellants). About five months prior to the accident, the appellants, as owners of the residence, had retained the defendant C & J Construction & Landscaping, Inc. (hereinafter C & J), to renovate the subject driveway.

The plaintiff commenced this action against the appellants and C & J, and the action as against all defendants proceeded to a jury trial on the issue of liability. At trial, the plaintiff's at-

torney acknowledged that C & J "designed, created, bought the materials, caused and created this whole thing and set it in motion. The owners had nothing to do with it." The evidence established that C & J did not construct the lip of the driveway pursuant to specifications drawn by another entity or perform its work under someone else's direction.

The plaintiff's expert testified that the lip of the driveway was a tripping hazard since it was not constructed in accordance with the guidelines for walking surfaces promulgated by the American Society for Testing and Materials. Those guidelines recommend that a height differential greater than one-quarter of one inch should be beveled and a height differential greater than one-half of one inch should be ramped. However, even if those guidelines were applicable to the subject lip of the driveway, those guidelines are nonmandatory, and a violation thereof cannot support a finding of liability against the appellants (*see Troiani v White Plains City School Dist.*, 64 AD3d 701, 702 [2009]; *Miller v Kings Park Cent. School Dist.*, 54 AD3d 314 [2008]).

At the close of evidence, C & J moved pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint and all cross claims insofar as asserted against it. The Supreme Court granted that motion. However, when the appellants moved at the close of the evidence for judgment as a matter of law dismissing the complaint insofar as asserted against them, the court denied their motion.

The jury returned a verdict finding that the plaintiff was 50% at fault in the happening of the accident and that the appellants were 50% at fault. The Supreme Court denied the appellants' subsequent motion, in effect, for a new trial. The court reasoned that the appellants had an obligation to keep their property in a reasonably safe condition, and the jury found that they had not done so. This Court subsequently determined that the court properly directed the dismissal of the appellants' cross claims asserted against C & J on the ground that, "[a]s the Supreme Court recognized, there was no evidence that the lip of the driveway was in a hazardous condition" (*Cioffi v Klein*, 119 AD3d 886, 888 [2014]).

To be entitled to judgment as a matter of law pursuant to CPLR 4401, a defendant has the burden of showing that there is no rational process by which the jury could find in favor of the plaintiff and against the moving defendant (*see Cicola v County of Suffolk*, 120 AD3d 1379, 1381 [2014]). " 'In considering such a motion, the evidence must be construed in the light most favorable to the nonmoving party, and the motion should

not be granted where the facts are in dispute, where different inferences may be drawn from the evidence, or where the credibility of the witnesses is in question'" (*Armstrong v New York City Tr. Auth.*, 124 AD3d 570, 571 [2015], quoting *Cathey v Gartner*, 15 AD3d 435, 436 [2005]). " '[A] contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party'" (*Stiver v Good & Fair Carting & Moving, Inc.*, 9 NY3d 253, 257 [2007], quoting *Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138 [2002]). An exception to that rule arises "where the contracting party, in failing to exercise reasonable care in the performance of his [or her] duties, 'launche[s] a force or instrument of harm'" (*Espinal v Melville Snow Contrs.*, 98 NY2d at 140, quoting *Moch Co. v Rensselaer Water Co.*, 247 NY 160, 168 [1928]).

Dismissal of an action insofar as asserted against a contractor who performs work on premises does not mandate dismissal of the action insofar as asserted against the owner of the premises, since the owner has a duty to maintain the premises in a reasonably safe condition (*see Kellman v 45 Tiemann Assoc.*, 87 NY2d 871, 872 [1995]). Here, however, the plaintiff's theory of liability was that the driveway was defective. As noted earlier, there was no evidence that the lip of the driveway was in a hazardous condition. Therefore, it was inconsistent to direct the dismissal of the complaint insofar as asserted against C & J while denying such relief to the appellants as homeowners, since no viable alternative theory of liability was asserted against the appellants.

Accordingly, the appellants' motion pursuant to CPLR 4401 dismissing the complaint insofar as asserted against them, made at the close of evidence on the issue of liability, should have been granted.

In light of our determination, we need not address the appellants' remaining contentions. Eng, P.J., Hall, Hinds-Radix and LaSalle, JJ., concur.