■ Garth Rhoden, Appellant, v East 48th Street Realty, LLC, et al., Defendants, and United Bureau of Investigations & Protective Services, Respondent. [19 NYS3d 547]—In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Baily-Schiffman, J.), dated March 29, 2013, which, upon the granting of the motion of the defendant United Bureau of Investigations & Protective Services pursuant to CPLR 4401 for judgment as a matter of law dismissing the amended complaint insofar as asserted against it, made at the close of the plaintiff's case, is in favor of that defendant and against him dismissing the amended complaint, in effect, against that defendant.

Ordered that the judgment is affirmed, with costs.

"To succeed on a motion for judgment as a matter of law pursuant to CPLR 4401, a defendant has the burden of showing that there is no rational process by which the jury could find in favor of the plaintiff and against the moving defendant" (*Figueroa v City of New York*, 101 AD3d 674, 674-675 [2012]; *see Porcelli v Northern Westchester Hosp. Ctr.*, 110 AD3d 703, 705 [2013]; *Coates v Corporation of Presiding Bishop of Church of Jesus Christ of Latter Day Sts.*, 104 AD3d 896, 897 [2013]). "In determining whether the defendant has met this burden, a court must accept the plaintiff's evidence as true and accord the plaintiff the benefit of every reasonable inference which can reasonably be drawn from the evidence presented at trial" (*Figueroa v City of New York*, 101 AD3d at 675; *see Cioffi v Klein*, 131 AD3d 914 [2015]).

"[A] contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party" (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138 [2002]). However, three situations in which a party who enters into a contract to render services may be said to have assumed a duty of care— and thus be potentially liable in tort to third parties—are "(1) where the contracting party, in failing to exercise reasonable care in the performance of his [or her] duties, launche[s] a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties[;] and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (*id.* at 140 [internal quotation marks and citations omitted]).

Here, the Supreme Court properly granted the motion of the defendant United Bureau of Investigations & Protective Services pursuant to CPLR 4401, since the plaintiff failed to plead or present evidence at trial showing that any of the three exceptions set forth in *Espinal* applied to the circumstances presented in this case (*see Javid v Sclafmore Constr.*, 117 AD3d 907, 907 [2014]; *Gordon v Pitney Bowes Mgt. Servs., Inc.*, 94 AD3d 813, 814 [2012]), and the plaintiff's remaining contention is without merit. Rivera, J.P., Leventhal, Austin and Hinds-Radix, JJ., concur.