■ JORGE A. QUINTANILLA SERRANO, Appellant, v RACHEL'S CAR SERVICE, INC., et al., Respondents. [36 NYS3d 514]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Solomon, J.), entered March 7, 2014, which, upon the denial of his motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of serious injury, and upon a jury verdict finding that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, is in favor of the defendants and against him, dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

On January 19, 2010, the plaintiff was involved in a car collision with the defendant Eduard Abramov. Abramov's vehicle was owned by the defendant Rachel's Car Service, Inc. Thereafter, the plaintiff commenced this action to recover damages for his injuries.

At the trial on damages, one of the plaintiff's physicians testified that the plaintiff's left knee had a 14% loss in range of motion following the accident. The physician performed arthroscopic surgery on both of the plaintiff's knees. Following the surgeries, the physician observed that the plaintiff's left knee still had a 14% loss in range of motion, and that his right knee also had a 14% loss in range of motion.

Another physician for the plaintiff testified that he performed a discectomy on the plaintiff's L4-5 and L5-S1 vertebrae. Although the plaintiff reported pain relief after the surgery, the physician advised the plaintiff not to lift, push, or pull more than 15 pounds. He also advised him not to kneel, squat, or drive a motor vehicle. The physician testified that the accident was the cause of the plaintiff's injuries.

The plaintiff testified that he did not return to work for seven months after the accident. He testified that a doctor told him that he could not return to work for that period of time, although the plaintiff did not identify the doctor.

At the close of his case, the plaintiff moved pursuant to CPLR 4401 for judgment as a matter of law on the issue of whether he had sustained a serious injury under the permanent consequential limitation of use, significant limitation of use, and 90/180-day categories of Insurance Law § 5102 (d). The Supreme Court reserved decision on the motion.

The defendants submitted the testimony of an orthopedic surgeon and a diagnostic radiologist, both of whom reviewed MRI films of the plaintiff's knees and the lumbar region of the

plaintiff's spine. Both physicians opined that the plaintiff's injuries were due to degeneration and that the MRIs showed no evidence of traumatic injury.

The jury found that the plaintiff did not sustain a serious injury under any category of Insurance Law § 5102 (d) as a result of the subject accident. The Supreme Court then denied the plaintiff's motion for judgment as a matter of law and entered judgment in favor of the defendants and against the plaintiff, dismissing the complaint. The plaintiff appeals, arguing that he was entitled to judgment as a matter of law and that the jury verdict was contrary to the weight of the evidence.

"A motion for judgment as a matter of law pursuant to CPLR 4401 . . . may be granted only when the trial court determines that, upon the evidence presented, there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury upon the evidence presented at trial, and no rational process by which the jury could find in favor of the nonmoving party" (*Tapia v Dattco, Inc.*, 32 AD3d 842, 844 [2006]; *see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *Jourbine v Ma Yuk Fu*, 67 AD3d 865, 866 [2009]). In considering such a motion, " 'the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant' " (*Hand v Field*, 15 AD3d 542, 543 [2005], quoting *Szczerbiak v Pilat*, 90 NY2d at 556).

Moreover, a jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached its verdict on any fair interpretation of the evidence (*see Ferreira v Wyckoff Hgts. Med. Ctr.*, 81 AD3d 587, 588 [2011]; *see generally Lolik v Big V Supermarkets*, 86 NY2d 744 [1995]; *Nicastro v Park*, 113 AD2d 129 [1985]). "Where, as here, conflicting expert testimony is presented, the jury is entitled to accept one expert's opinion and reject that of another expert" (*Ferreira v Wyckoff Hgts. Med. Ctr.*, 81 AD3d at 588; *see Frenchman v Westchester Med. Ctr.*, 77 AD3d 618, 619 [2010]).

Here, the Supreme Court properly denied the plaintiff's motion for judgment as a matter of law on the issue of serious injury within the meaning of Insurance Law § 5102 (d), and the jury's verdict finding that the plaintiff did not sustain a serious injury could be reached on a fair interpretation of the evidence. The evidence adduced by the plaintiff at trial failed to establish, prima facie, that the plaintiff sustained a serious injury to either of his knees under either the permanent consequential limitation of use or significant limitation of use

categories of Insurance Law § 5102 (d) (*see generally Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 352 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The evidence adduced by the plaintiff also failed to establish, prima facie, that the injury that kept him out of work for seven months following the accident was medically determined (*see Karpinos v Cora*, 89 AD3d 994, 995 [2011]; *Richards v Tyson*, 64 AD3d 760, 761 [2009]).

The evidence presented by the plaintiff did establish, qualitatively, that he sustained a serious injury to the lumbar region of his spine under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102 (d) (*see generally Toure v Avis Rent A Car Sys.*, 98 NY2d at 352). However, the defendants presented evidence that any injury to the lumbar region of the plaintiff's spine was not caused by the accident. The jury was entitled to credit the testimony of the defendants' experts over that of the plaintiff's experts, and there is no basis to disturb its determination (*see Ferreira v Wyckoff Hgts. Med. Ctr.*, 81 AD3d at 588).

The plaintiff's remaining contentions are without merit. Mastro, J.P., Rivera, Sgroi and Maltese, JJ., concur.