Aquino v Merha (2019 NY Slip Op 00251)





Aquino v Merha


2019 NY Slip Op 00251


Decided on January 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2016-05441
2016-06315
 (Index No. 8079/13)

[*1]Arismendy Aquino, appellant,
v
Sanrita Merha, et al., respondents.


Jacoby & Meyers LLP, Newburgh, NY (Lawrence D. Lissauer of counsel), for appellant.
The Law Office of David S. Klausner, PLLC, White Plains, NY (Stephen Slater of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Orange County (Elaine Slobod, J.), dated April 11, 2016, and (2) a judgment of the same court entered May 6, 2016. The order denied the plaintiff's motion pursuant to CPLR 4404(a) to set aside a jury verdict in favor of the defendants finding that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident as contrary to the weight of the evidence and for a new trial on the issue of damages. The judgment, upon the jury verdict, and upon the order, is in favor of the defendants and against the plaintiff dismissing the complaint.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The plaintiff was involved in a motor vehicle accident in which a vehicle owned by the defendants and operated by the defendant Sanrita Merha struck the plaintiff's vehicle from behind while it was stopped in traffic, causing the plaintiff's vehicle to strike the vehicle in front of it. Thereafter, the plaintiff commenced this action to recover damages for personal injuries. The Supreme Court granted the plaintiff's motion for summary judgment on the issue of fault for the accident. Subsequently, a jury trial on the issues of serious injuries and damages was held.
At trial, the plaintiff's treating orthopedic surgeon testified that the plaintiff suffered from disc bulges in the C4-5 and C5-6 regions of his spine that impinged on the nerves, and that the disc bulges, in addition to the plaintiff's symptoms of neck pain radiating to the arm, were caused by the accident. The orthopedic surgeon performed an anterior cervical discectomy and fusion from the C4 through C6 vertebrae, and he testified that, although the surgery relieved the symptoms of cervical radiculopathy, the plaintiff's lingering neck pain and restricted neck movement were permanent. An expert in biomechanics also testified on behalf of the plaintiff and opined that the [*2]accident caused the injuries to the cervical region of the plaintiff's spine. The plaintiff testified that he never experienced neck pain prior to the accident.
The defendants presented the testimony of a neurologist and a radiologist. The neurologist testified that there was no objective evidence that the plaintiff suffered from cervical radiculopathy, and that an EMG study performed shortly after the accident ruled out that condition. Additionally, both the radiologist and the neurologist testified that the plaintiff's injuries were due to degeneration and that MRIs taken two years after the accident showed no evidence of traumatic injury.
The jury found that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The plaintiff moved pursuant to CPLR 4404(a) to set aside the verdict as contrary to the weight of the evidence and for a new trial on the issue of damages. The Supreme Court denied the plaintiff's motion and entered a judgment in favor of the defendants and against the plaintiff dismissing the complaint. The plaintiff appeals from the order denying his motion and the judgment, arguing that the jury verdict was contrary to the weight of the evidence.
Initially, the appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached its verdict on any fair interpretation of the evidence (see Serrano v Rachel's Car Serv., Inc., 142 AD3d 596, 598; see also Lolik v Big V Supermarkets, 86 NY2d 744, 745-746). Where, as here, "conflicting expert testimony is presented, the jury is entitled to accept one expert's opinion and reject that of another expert" (Ferreira v Wyckoff Hgts. Med. Ctr., 81 AD3d 587, 588). "Issues of credibility are for the jury, which had the opportunity to observe the witnesses and the evidence. Its resolution is entitled to deference" (Cicola v County of Suffolk, 120 AD3d 1379, 1382 [internal quotation marks omitted]).
Here, although the plaintiff presented evidence that he sustained a serious injury to the cervical region of his spine as a result of the accident, the defendants presented evidence that the plaintiff's alleged injury was caused by degenerative changes to the cervical region of his spine. This conflicting testimony presented credibility issues for the jury to resolve, and the jury's resolution of those credibility issues in favor of the defendants is supported by a fair interpretation of the evidence and, thus, may not be disturbed (see Serrano v Rachel's Car Serv., Inc., 142 AD3d at 598; Daniels v Simon, 99 AD3d 658, 659).
The plaintiff also argues that the Supreme Court erred in precluding his treating orthopedic surgeon from testifying about an examination of the plaintiff that occurred days before trial, and of which the defendants had no prior notice. Although the court should have allowed the treating physician to testify about the examination to the extent of testifying about consequences of injuries described in the previously disclosed medical records and the bill of particulars (see Hughes v Webb, 40 AD3d 1035, 1036-1037), the error was harmless (see CPLR 2002). The court did not preclude the treating physician from testifying as to the permanence of the plaintiff's injuries, and the treating physician testified several times that the plaintiff's neck pain and restricted neck movement were permanent.
The plaintiff's remaining contentions are without merit.
SCHEINKMAN, P.J., DILLON, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court