Lewis v Vertex Constr. Corp. (2019 NY Slip Op 02080)





Lewis v Vertex Constr. Corp.


2019 NY Slip Op 02080


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2016-05382
 (Index No. 45484/07)

[*1]Rowan Lewis, respondent,
v
Vertex Construction Corp., appellant.


Cheven, Keely & Hatzis, New York, NY (Thomas Torto of counsel), for appellant.
Marius C. Wesser, P.C., New York, NY, for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Francois A. Rivera, J.), dated March 18, 2016. The judgment, upon a jury verdict in favor of the plaintiff awarding him the sum of $750,000 for past pain and suffering and the sum of $300,000 for future pain and suffering, and upon an order of the same court dated December 6, 2013, granting the defendant's motion pursuant to CPLR 4404 to set aside the verdict as contrary to the weight of the evidence and excessive to the extent of directing a new trial on the issue of damages for past pain and suffering unless the plaintiff filed a written stipulation consenting to reduce the award for past pain and suffering from the sum of $750,000 to the sum of $300,000, and upon the plaintiff's filing of the stipulation, is in favor of the plaintiff and against the defendant in the total sum of $751,917.32.
ORDERED that the judgment is affirmed, with costs.
On June 4, 2007, the plaintiff and nonparty Edmund Laze were involved in a motor vehicle collision in the southbound lanes of the Garden State Parkway in Sayreville, New Jersey. The vehicle operated by Laze was owned by the defendant, Vertex Construction Corp. On December 12, 2007, the plaintiff commenced this action to recover damages for his injuries.
The plaintiff was awarded summary judgment on the issue of liability, and at the ensuing damages trial, his treating orthopedic surgeon testified that the plaintiff sustained a fractured right seventh rib in the collision, as confirmed by an X ray taken on the day of the accident. The surgeon further testified that he performed arthroscopic surgery on both of the plaintiff's knees and shoulders. He noted that the plaintiff's knees and shoulders sustained isolated cartilage damage, and opined that the lack of widespread cartilage damage indicated that the cause was acute trauma rather than chronic degeneration, and could not have resulted from normal wear and tear. The plaintiff's surgeon also indicated that the plaintiff had a "grave prognosis" of "almost certainly" developing serious arthritis in his knees, that he had permanent structural damage to his shoulders, and that he had "a permanent disability in terms of moving the arms."
On the defense case, the defendant presented the testimony of a radiologist who [*2]reviewed MRI films of the plaintiff's knees and shoulders. She noted the presence of osteophytes (excess bone growth), which, she testified, was evidence of degenerative arthritis.
The jury found that the injuries to the plaintiff's knees and shoulders were caused by the accident. It awarded the plaintiff the sum of $750,000 for past pain and suffering, and the sum of $300,000 for future pain and suffering.
The defendant subsequently moved pursuant to CPLR 4404 to set aside the jury verdict on the grounds that the finding as to causation was contrary to the weight of the evidence and the awards for pain and suffering were excessive. In an order dated December 6, 2013, the Supreme Court granted the motion to the extent of directing a new trial as to damages for past pain and suffering unless the plaintiff stipulated to reduce the award from the sum of $750,000 to the sum of $300,000, and otherwise denied the motion. The plaintiff thereafter filed a stipulation with the court reducing the award for past pain and suffering, and judgment was entered on March 18, 2016. The defendant appeals.
"A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict on any fair interpretation of the evidence" (Ferreira v Wyckoff Hgts. Med. Ctr., 81 AD3d 587, 588; see generally Lolik v Big V Supermarkets, 86 NY2d 744; Nicastro v Park, 113 AD2d 129). Where the parties present conflicting expert testimony, the jury is entitled to accept one expert's opinion and reject that of another expert, and its resolution of the conflicting testimony is entitled to great weight on appeal (see Calpo-Rivera v Brady, 163 AD3d 910, 911; Ferreira v Wyckoff Hgts. Med. Ctr., 81 AD3d at 588; Frenchman v Westchester Med. Ctr., 77 AD3d 618, 619).
The jury verdict finding that the injuries to the plaintiff's knees and shoulders were caused by the accident was not contrary to the weight of the evidence. The jury was entitled to credit the testimony of the plaintiff and the plaintiff's treating orthopedic surgeon over that of the defendant's radiologist, and its determination that the plaintiff's injuries were caused by the accident was supported by a fair interpretation of the evidence (see Parros v 1500 Realty Co., 226 AD2d 607).
Similarly, in view of the evidence regarding the nature and extent of the plaintiff's injuries, we find unpersuasive the defendant's contention that the award for future pain and suffering was contrary to the weight of the evidence and deviated materially from what would be considered reasonable compensation (see CPLR 5501[c]; Castillo v MTA Bus Co., 163 AD3d 620, 623; Nicholas v C & F Trading Co., 107 AD3d 769, 771).
MASTRO, J.P., BALKIN, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court