Canale v Khananayev (2019 NY Slip Op 04908)





Canale v Khananayev


2019 NY Slip Op 04908


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2016-11036
 (Index No. 17103/13)

[*1]Rachel Canale, appellant,
v
Vitaliy Khananayev, et al., respondents.


Krentsel & Guzman LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Jillian Rosen, and Brianna Walsh], of counsel), for appellant.
Baker, McEvoy, Morrissey & Moskovits, P.C. (Rush & Sabbatino PLLC [Laurel A. Wedinger, New York, NY], of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated August 12, 2016. The order denied the plaintiff's motion pursuant to CPLR 4404(a) to set aside, as contrary to the weight of the evidence, a jury verdict in favor of the defendants finding that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident, and for a new trial on the issue of damages.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly sustained personal injuries when, while walking across an intersection, she was struck by a vehicle owned by the defendant 24 Avenue Car Service and operated by the defendant Vitaliy Khananayev. Thereafter, the plaintiff commenced this action to recover damages for personal injuries. A jury trial on the issues of serious injury and damages was held.
At trial, the plaintiff's treating orthopedic surgeon testified, inter alia, that the plaintiff had an injury to her right knee that required arthroscopic surgery, which he performed. The surgeon opined that the injury was acute in nature and causally related to the accident. Additionally, he testified that the accident caused or exacerbated a permanent injury to the cervical region of the plaintiff's spine.
The defendants presented the testimony of a neurologist and a radiologist. The neurologist testified that there was no objective evidence that the plaintiff had sustained a neurological injury. The radiologist testified that based upon his review of pertinent MRI films, the plaintiff's injuries were due to degeneration and were unrelated to the accident. The defendants submitted photographic evidence of the plaintiff engaging in various physical activities shortly after the accident.
The jury found that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The plaintiff moved pursuant to CPLR 4404(a) to set aside the verdict as contrary to the weight of the evidence and for a new trial on the [*2]issue of damages. By order dated August 12, 2016, the Supreme Court denied the motion. The plaintiff appeals.
A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached its verdict on any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746; Aquino v Merha, 168 AD3d 797, 798; Serrano v Rachel's Car Serv., Inc., 142 AD3d 596, 598). Where, as here, conflicting expert testimony is presented, the jury is entitled to accept one expert's opinion and reject that of another expert (see Aquino v Merha, 168 AD3d at 798-799; Serrano v Rachel's Car Serv., Inc., 142 AD3d at 598; Ferreira v Wyckoff Hgts. Med. Ctr., 81 AD3d 587, 588). "Issues of credibility are for the jury, which had the opportunity to observe the witnesses and the evidence. Its resolution is entitled to deference" (Cicola v County of Suffolk, 120 AD3d 1379, 1382 [internal quotation marks omitted]).
Here, although the plaintiff presented evidence that she sustained a serious injury to her right knee and the cervical region of her spine as a result of the accident, the defendants presented evidence that the plaintiff's alleged injuries were caused by degenerative changes unrelated to the accident. This conflicting testimony presented credibility issues for the jury to resolve, and the jury's resolution of those credibility issues in favor of the defendants is supported by a fair interpretation of the evidence and, thus, may not be disturbed (see Aquino v Merha, 168 AD3d at 798-799; Serrano v Rachel's Car Serv., Inc., 142 AD3d at 598).
The plaintiff's remaining contention is not properly before this Court.
Accordingly, we agree with the Supreme Court's determination denying the plaintiff's motion pursuant to CPLR 4404(a) to set aside the jury's verdict as contrary to the weight of the evidence and for a new trial on the issue of damages.
LEVENTHAL, J.P., ROMAN, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court