Bohan v DeLucia (2019 NY Slip Op 09247)





Bohan v DeLucia


2019 NY Slip Op 09247


Decided on December 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-06881
 (Index No. 32271/13)

[*1]Tara Bohan, appellant,
v
Paul J. DeLucia, respondent.


Sim & Record, LLP, Bayside, NY (Sang J. Sim of counsel), for appellant.
Pillinger Miller Tarallo, LLP, Elmsford, NY (Shawn M. Weakland of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Rockland County (Gerald E. Loehr, J.), dated April 28, 2017. The order denied the plaintiff's motion pursuant to CPLR 4404(a) to set aside a jury verdict in favor of the defendant on the issue of damages as contrary to the weight of the evidence and for a new trial on the issue of damages.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained in an automobile accident with the defendant's vehicle, including alleged injuries to the cervical region of her spine and traumatic brain injury. Following a jury trial on the issue of damages, the jury rendered a verdict in favor of the defendant, finding that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) and awarding her no damages for claimed economic loss in excess of $50,000. The plaintiff then moved pursuant to CPLR 4404(a) to set aside the verdict as contrary to the weight of the evidence, and for a new trial on the issue of damages. By order dated April 28, 2017, the Supreme Court denied the plaintiff's motion, and the plaintiff appeals.
A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached its verdict on any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 745; Ferreira v Wyckoff Hgts. Med. Ctr., 81 AD3d 587, 588; Nicastro v Park, 113 AD2d 129). "Where, as here, conflicting expert testimony is presented, the jury is entitled to accept one expert's opinion and reject that of another expert" (Ferreira v Wyckoff Hgts. Med. Ctr., 81 AD3d at 588; see Frenchman v Westchester Med. Ctr., 77 AD3d 618, 619).
Here, the jury's verdict finding that the plaintiff did not sustain a serious injury could be reached on a fair interpretation of the evidence (see Serrano v Rachel's Car Serv., Inc., 142 AD3d 596, 598). The plaintiff testified that despite her claimed injuries, she was able to continue working her "intense" schedule as a journalism producer. The plaintiff's testimony regarding the severity of [*2]the accident was contradictory and conflicted with the defendant's own account. In addition, the defendant presented expert witness testimony showing that the plaintiff's claimed injuries either were not caused by the subject accident or were not as severe as otherwise testified to by the plaintiff's own expert witnesses. Thus, the jury's verdict finding that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d), and awarding the plaintiff zero damages for economic loss in excess of $50,000, was not contrary to the weight of the credible evidence (see Serrano v Rachel's Car Serv., Inc., 142 AD3d at 598; Mohamed v New York City Tr. Auth., 80 AD3d 677, 679; Hyatt v Metro-North Commuter R.R., 16 AD3d 218, 219).
Accordingly, we agree with the Supreme Court's determination to deny the plaintiff's motion pursuant to CPLR 4404(a) to set aside the jury verdict as contrary to the weight of the evidence and for a new trial on the issue of damages.
The plaintiff's remaining contention is without merit.
AUSTIN, J.P., ROMAN, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court