■ PAUL CLARK, Appellant, et al., Plaintiff, v COUNTY OF NASSAU, Respondent. [784 NYS2d 904]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff Paul Clark appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Segal, J.), entered September 12, 2002, as granted that branch of the defendant's motion which was for summary judgment dismissing the complaint and denied his cross motion to compel the deposition of a nonparty witness.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The defendant demonstrated that the work for which the appellant was not paid was not approved and that funding had not been duly allotted for the work by the Nassau County Comptroller, as required by the personal services agreement between the parties and the Nassau County Government Law (*see* Nassau County Charter § 402 [3],[4]; § 403). The work in question therefore was not performed pursuant to a valid contract (*see Matter of Garrison Protective Servs. v Office of Comptroller of City of N.Y.*, 92 NY2d 732 [1999]; *Seif v City of Long Beach*, 286 NY 382 [1941]; *Goldberg v Penny*, 163 AD2d 352, 353 [1990]; *Parone v Rivers*, 84 AD2d 686 [1981]; *Lutzken v City of Rochester*, 7 AD2d 498 [1959]). Thus, the defendant made a prima facie showing of entitlement to judgment as a matter of law. In op-

position to the defendant's motion, the appellant failed to raise a triable issue of fact.

The appellant's remaining contention has been rendered academic in light of our determination. Santucci, J.P., Schmidt, Adams and Skelos, JJ., concur.