■ Patricia Wehr, Appellant, v Long Island Railroad Company et al., Respondents. [832 NYS2d 648]—In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Mahon, J.), entered March 21, 2006, which, upon granting the defendants' motion pursuant to CPLR 4401, made at the close of the plaintiff's case, to dismiss the complaint for failure to establish a prima facie case, is in favor of the defendants and against her, dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

"To be entitled to judgment as a matter of law pursuant to CPLR 4401, a defendant has the burden of showing that there

is no rational process by which the jury could find in favor of the plaintiff and against the moving defendant" (*Velez v Goldenberg,* 29 AD3d 780, 781 [2006]; *see Szczerbiak v Pilat,* 90 NY2d 553, 556 [1997]; *Tapia v Dattco, Inc.,* 32 AD3d 842, 844 [2006]). "In considering the motion for judgment as a matter of law, the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (*Szczerbiak v Pilat, supra* at 556). Applying this standard, the Supreme Court properly granted the defendants' motion. The defendants had " 'no duty to protect or warn against an open and obvious condition which, as a matter of law, [was] not inherently dangerous' " (*Fernandez v Edlund,* 31 AD3d 601, 602 [2006], quoting *Jang Hee Lee v Sung Whun Oh,* 3 AD3d 473, 474 [2004]; *see Cupo v Karfunkel,* 1 AD3d 48, 51-52 [2003]). Mastro, J.P., Florio, Carni and McCarthy, JJ., concur.