■ CENTENNIAL CONTRACTORS ENTERPRISES, Respondent-Appellant, v EAST NEW YORK RENOVATION CORPORATION et al., Appellants-Respondents. [913 NYS2d 274]—

In an action, inter alia, to recover damages for breach of contract and for contractual indemnification, the defendants appeal from a judgment of the Supreme Court, Queens County (McDonald, J.), entered December 12, 2007, which, after a jury trial on the issue of liability, and upon an order of the same court (Blackburne, J.), dated October 29, 2004, granting the plaintiff's motion pursuant to CPLR 4401 for judgment as a matter of law on the cause of action for contractual indemnification, made at the close of the defendants' case, and denying their cross motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the cause of action for contractual indemnification, also made at the close of the defendants' case, and a decision of the same court (McDonald, J.), dated September 4, 2007, on the issue of damages, is in favor of the plaintiff and against them in the principal sums of $204,810 for contractual indemnification and $24,888.82 for an attorney's fee, with prejudgment interest, and the plaintiff cross-appeals, as limited by its brief, from so much of the same judgment as awarded it prejudgment interest only from October 29, 2004.

Ordered that the judgment is affirmed, without costs or disbursements.

On or about February 1, 1995, Centennial Contractors Enterprises (hereinafter the plaintiff), as general contractor, was awarded a contract (hereinafter the Army Contract) by the

United States Army Corps of Engineers to perform certain construction work at the United States Military Academy in West Point. By contract dated April 21, 1997, and executed on behalf of the defendant East New York Renovation Corporation (hereinafter East New York) by its president (hereinafter together the defendants), the plaintiff subcontracted the roofing and masonry work at the job site to East New York. This contract, referred to as the "Master Agreement," incorporated certain delivery order authorizations (hereinafter DOAs) including a DOA signed by East New York on June 2, 1998. That DOA includes the following language relating to the issue of contractual indemnification: "The undersigned [East New York] shall indemnify and hold [the plaintiff] harmless from all causes of action, suits, debts, liens, damages, claims, costs, attorney's fees, and demands of any nature whatsoever relating to persons, forms, or corporations who have furnished labor, materials, and/or equipment to the undersigned, or at the direction of the undersigned, respecting the Project."

During the work on the project, Stefan Sosin, a laborer employed by East New York, fell from a ladder and was injured. Sosin then commenced an underlying action against the plaintiff alleging, inter alia, a violation of Labor Law § 240 (1). The plaintiff demanded that the defendants indemnify it in the underlying action, but the defendants did not do so. Following a trial in the underlying action, judgment was entered in Sosin's favor and against the plaintiff in the total sum of $204,810. During the underlying action, the plaintiff's insurer paid attorney's fees that the plaintiff's attorneys had billed to the plaintiff.

The plaintiff then commenced the instant action against the defendants, inter alia, to recover damages for breach of contract and for contractual indemnification. In an order dated October 29, 2004, the Supreme Court granted the plaintiff's motion pursuant to CPLR 4401 for judgment as a matter of law on the cause of action for contractual indemnification, made at the close of the defendants' case on the issue of liability, and denied the defendants' cross motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the cause of action for contractual indemnification. Upon a decision dated September 4, 2007, judgment was entered in favor of the plaintiff and against the defendants in the principal sums of $204,810 for contractual indemnification and $24,888.82 for an attorney's fee, with prejudgment interest from October 29, 2004.

To be awarded judgment as a matter of law pursuant to CPLR 4401, a plaintiff has the burden of showing that there is no

rational process by which the jury could find in the defendant's favor (*see Durkin v Long Is. Power Auth.*, 37 AD3d 400, 401 [2007]). Similarly, a defendant's motion for judgment as a matter of law pursuant to CPLR 4401 should be granted only when, accepting the plaintiff's evidence as true, and according that evidence the benefit of every favorable inference that can reasonably be drawn from it, there is no rational process by which the jury could find for the plaintiff against the defendant (*see Dockery v Sprecher*, 68 AD3d 1043, 1045 [2009]; *Wehr v Long Is. R.R. Co.*, 38 AD3d 880, 880-881 [2007]).

A party is entitled to contractual indemnification when the intention to indemnify is "clearly implied from the language and purposes of the entire agreement and the surrounding circumstances" (*Torres v LPE Land Dev. & Constr., Inc.*, 54 AD3d 668, 670 [2008]). The evidence adduced at the jury trial on the issue of liability demonstrated that the plaintiff was entitled to judgment as a matter of law on its cause of action for contractual indemnification, as there is no rational process by which the jury could find in the defendants' favor, since the plaintiff was not negligent and did not control or supervise Sosin's work (*see Cabrera v Board of Educ. of City of N.Y.*, 33 AD3d 641, 643 [2006]). The plaintiff's duty, pursuant to the Army Contract, to supervise the work and ensure compliance with safety regulations does not amount to supervision and control of the work site such that the plaintiff would be liable for the negligence of the contractor who performs the day-to-day operations (*see id.*). The fact that an employee of the plaintiff inspected the work site each day and was authorized to stop the work in the event that he observed any unsafe condition was insufficient to establish liability (*cf. Capolino v Judlau Contr., Inc.*, 46 AD3d 733 [2007]). Moreover, the Master Agreement provides that the defendants assumed all of the plaintiff's obligations and responsibilities to the Army, and that the defendants were solely responsible for supervising and directing the work of their employees. Further, contrary to the defendants' contention, the indemnification provisions of the Master Agreement and the subject DOA are enforceable because the plaintiff was free of negligence (*see Brown v Two Exch. Plaza Partners*, 76 NY2d 172, 179 [1990]; *Giangarra v Pav-Lak Contr., Inc.*, 55 AD3d 869, 871 [2008]).

Thus, the Supreme Court properly granted the plaintiff's motion pursuant to CPLR 4401 for judgment as a matter of law on the cause of action for contractual indemnification, and properly denied the defendants' cross motion pursuant to CPLR 4401 for judgment as a matter of law dismissing that cause of action.

The defendants further contend that the Supreme Court erred in awarding the plaintiff attorney's fees that the plaintiff incurred in the defense of the underlying action. Generally, attorney's fees and other expenses incurred during an action are considered an incident of litigation and, unless authorized by statute, court rule, or written agreement of the parties, are not recoverable (*see TAG 380, LLC v ComMet 380, Inc.*, 10 NY3d 507, 515-516 [2008]; *Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491 [1989]; *RAD Ventures Corp. v Artukmac*, 31 AD3d 412, 414 [2006]). Here, the subject DOA obligated the defendants to "indemnify and hold [the plaintiff] harmless from all causes of action . . . costs, attorney's fees . . . relating to persons . . . who have furnished labor . . . to [East New York] or at the direction of [East New York] . . . respecting the project." Moreover, section 30 of the Master Agreement, "Interpretation of Contract Documents," provides that the terms of the agreement were to be "considered as complementary," and that if "such an interpretation is not possible," the DOA would be first in precedence in interpreting the contract documents. Read together, the indemnification provisions in the DOA and the Master Agreement clearly required the defendants to indemnify the plaintiff for the attorney's fees incurred in the defense of the underlying action (*see TAG 380, LLC v ComMet 380, Inc.*, 10 NY3d at 515-516).

Contrary to the defendants' contention, the Supreme Court did not err in awarding the plaintiff prejudgment interest on the $204,810 contractual indemnification award and on the $24,888.82 attorney's fee award (*see* CPLR 5001 [a]). Under the circumstances, the Supreme Court did not improvidently exercise its discretion in awarding the plaintiff prejudgment interest only from October 29, 2004 (*see* CPLR 5001 [b]).

The defendants' remaining contentions are without merit.

Accordingly, the judgment is affirmed. Mastro, J.P., Florio, Leventhal and Sgroi, JJ., concur.