■ RIGO COBENAS et al., Respondents, v GINSBURG DEVELOPMENT COMPANIES, LLC, et al., Defendants/Second Third-Party Plaintiffs-Respondents, and LEOPARD FRAMING CORP., Defendant/Third-Party Plaintiff-Appellant. MAURICIO SOARES, Third-

Party Defendant/Second Third-Party Defendant-Respondent. (And Other Titles.) [21 NYS3d 146]—

In an action to recover damages for personal injuries, etc., the defendant/third-party plaintiff, Leopard Framing Corp., appeals from (1) an amended order of the Supreme Court, Orange County (Onofry, J.), dated March 28, 2014, which denied its motion pursuant to CPLR 4401 for judgment as a matter of law made at the close of the plaintiffs' case and renewed at the close of evidence, and (2) a judgment of the same court dated June 18, 2014, which, upon the amended order, a jury verdict in favor of the plaintiffs finding it 100% at fault in the happening of the accident, and the denial of its motion, in effect, pursuant to CPLR 4404 (a) to set aside the verdict as contrary to the weight of the evidence and for a new trial, is in favor of the plaintiffs and against it on the issue of liability.

Ordered that the appeal from the amended order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs-respondents, the defendants/second third-party plaintiffs-respondents, and the third-party defendant/second third-party defendant-respondent appearing separately and filing separate briefs.

The appeal from the amended order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the amended order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff Rigo Cobenas (hereinafter the plaintiff) allegedly was injured while he was working at a construction site when he was struck by a piece of plywood that had been blown by the wind. The plaintiff, and his wife suing derivatively, commenced this action against Ginsburg Development Companies, LLC, Ginsburg Development Corp., GDC Construction & Development Corp., and Fairways Wallkill, LLC (hereinafter collectively Ginsburg), the owners of the property, and against Leopard Framing Corp. (hereinafter Leopard), a contractor hired by Ginsburg to do the framing work on the construction project. Following a trial on the issue of liability, the jury determined that Leopard was solely liable for the plaintiff's accident.

Contrary to Leopard's contention, the Supreme Court properly denied its motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability, made at the close of the plaintiffs' case and renewed at the close of evidence. A motion for judgment as a matter of law pursuant to CPLR 4401 may be granted where the trial court determines that, upon the evidence presented, there is no rational process by which the trier of fact could base a finding in favor of the nonmoving party (*see PAS Tech. Servs., Inc. v Middle Vil. Healthcare Mgt., LLC*, 92 AD3d 742 [2012]; *Robinson v 211-11 N., LLC*, 46 AD3d 657, 658 [2007]; *C.K. Rehner, Inc. v Arnell Constr. Corp.*, 303 AD2d 439, 440 [2003]). In considering such a motion, " 'the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant' " (*Robinson v 211-11 N., LLC*, 46 AD3d at 658, quoting *Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]). Here, viewing the evidence in the light most favorable to the plaintiffs, a rational process existed by which the jury could find that Leopard was solely responsible for the accident.

A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (*see Lolik v Big v Supermarkets*, 86 NY2d 744, 746 [1995]; *Scalogna v Osipov*, 117 AD3d 934 [2014]; *Crooks v E. Peters, LLC*, 103 AD3d 828, 829 [2013]; *Verizon N.Y., Inc. v Orange & Rockland Utils., Inc.*, 100 AD3d 983 [2012]). Here, the Supreme Court properly denied Leopard's motion pursuant to CPLR 4404 (a) to set aside the verdict as contrary to the weight of the evidence and for a new trial. A fair interpretation of the evidence, including expert testimony that high winds were predicted for the day of the accident, and that it was the custom and practice in the construction industry to secure materials under such circumstances, supported the jury's determination. Eng, P.J., Balkin, Cohen and Duffy, JJ., concur.