■ GEETA TEMPLE-ASHRAM et al., Appellants, v SWAMI SATY-ANANDJI et al., Respondents. [38 NYS3d 245]—

In an action, inter alia, for a judgment declaring that the legitimate board of trustees of the plaintiff Geeta Temple-Ashram is composed of the individual plaintiffs, Suresh Kapoor, Dilip Tolat, Vinod Goel, and Sharad Agarwal, and nonparty Vijay Gupta, the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Rosengarten, J.), entered October 7, 2013, which, after a nonjury trial on the issue of standing, and upon the granting of the defendants' motion pursuant to CPLR 4401 to dismiss the complaint for lack of standing, made at the close of the plaintiffs' case, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff Geeta Temple-Ashram (hereinafter Geeta) is a religious corporation organized in 1972, which owns a Hindu

Temple in Elmhurst, Queens (hereinafter the temple). It is undisputed that Swami Jagdishwaranandji served as Geeta's spiritual leader from its inception until his death in December 2005. Following his death, two rival factions asserted control over the temple's property, finances, and religious leadership. One of the factions was headed by the defendant Swami Satyanandji, who began conducting religious functions at the temple after the death of Swami Jagdishwaranandji.

The plaintiffs commenced this action against Swami Satyanandji and the individuals he purportedly appointed as Geeta's new board of trustees for, inter alia, a judgment declaring that the appointment of the new board of trustees by Swami Satyanandji was null and void, and that Geeta's legitimate board of trustees is composed of the individual plaintiffs. The individual plaintiffs alleged that they, along with nonparty Vijay Gupta, were appointed as Geeta's trustees prior to Swami Jagdishwaranandji's death. The plaintiffs also allege that Swami Satyanandji was never appointed as the spiritual leader of Geeta, and neither he nor any trustees purportedly appointed by him have any right to retain, interfere with, or encumber Geeta's property. They also alleged, among other things, that Swami Satyanandji and his supporters transferred, without authority, a percentage of Geeta's funds to certain individuals in India.

Prior to trial, the defendants moved for summary judgment dismissing the complaint asserting, inter alia, that the individual plaintiffs lacked standing to commence this action on behalf of Geeta. The Supreme Court granted that motion, and the plaintiffs appealed. This Court modified the Supreme Court's order (see *Temple-Ashram v Satyanandji*, 84 AD3d 1158, 1160-1161 [2011]). Among other things, this Court concluded that Geeta may be considered a "de facto" religious corporation and that there were unresolved issues of fact as to whether the individual plaintiffs constituted the validly appointed board of trustees (*id.* at 1160). We found that, as a result, the defendants did not establish their prima facie entitlement to judgment as a matter of law on the basis that the plaintiffs lacked standing under the Religious Corporations Law to commence this action (*id.* at 1160-1161).

Subsequently, the Supreme Court held a trial on the limited issue of the plaintiffs' standing. At the close of the plaintiffs' case, the Supreme Court granted the defendants' motion pursuant to CPLR 4401 to dismiss the complaint, concluding, inter alia, that the individual plaintiffs failed to demonstrate that they were Geeta's duly elected trustees or that they otherwise

had standing to maintain this action on behalf of Geeta. The plaintiffs appeal from the judgment dismissing the complaint. We affirm.

"A trial court's grant of a CPLR 4401 motion for judgment as a matter of law is appropriate where the trial court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party" (*Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *see Sung Kyu-To v Triangle Equities, LLC*, 84 AD3d 1058, 1059 [2011]; *Wehr v Long Is. R.R. Co.*, 38 AD3d 880, 880-881 [2007]; *Velez v Goldenberg*, 29 AD3d 780, 781 [2006]). In deciding such a motion, the trial court is to afford the party opposing the motion "every inference which may properly be drawn from the facts presented" (*Szczerbiak v Pilat*, 90 NY2d at 556; *see Sung Kyu-To v Triangle Equities, LLC*, 84 AD3d at 1059; *Wehr v Long Is. R.R. Co.*, 38 AD3d at 880-881; *Velez v Goldenberg*, 29 AD3d at 781).

Here, the Supreme Court correctly found that, even after accepting the plaintiffs' proof, the plaintiffs failed to establish their standing to prosecute this action pursuant to Religious Corporations Law §§ 180, 181 and 182. While the individual plaintiffs asserted that they had been validly appointed as trustees at an October 2005 meeting held by Swami Jagdishwaranandji prior to his death, they presented no evidence demonstrating how such purported appointment complied with Geeta's 1973 bylaws or with the provisions of article 9 of the Religious Corporations Law (*see generally* Religious Corporations Law §§ 180, 181, 182). Further, any contention that Swami Jagdishwaranandji, in his capacity as spiritual leader, had the authority to appoint the individual plaintiffs as trustees of Geeta is not supported by the record. Further, no corporate records establishing such appointments were produced by the plaintiffs. Consequently, based on the evidence presented, there was no rational process by which it could be concluded that the individual plaintiffs constituted Geeta's validly elected board of trustees.

The plaintiffs' remaining contention is without merit.

Accordingly, the Supreme Court properly dismissed the complaint pursuant to CPLR 4401 for lack of standing (*see generally Szczerbiak v Pilat*, 90 NY2d at 556). Chambers, J.P., Hall, Austin and LaSalle, JJ., concur.