Countrywide Home Loans, Inc. v Gibson (2018 NY Slip Op 00404)





Countrywide Home Loans, Inc. v Gibson


2018 NY Slip Op 00404


Decided on January 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
COLLEEN D. DUFFY, JJ.


2015-11683
 (Index No. 2427/08)

[*1]Countrywide Home Loans, Inc., respondent, 
v
Kirk Gibson, et al., defendants, Brett Jones, appellant.


Regina Felton, Brooklyn, NY, for appellant.
Adam Leitman Bailey, P.C., New York, NY (Jackie Halpern Weinstein of counsel), and Fidelity National Law Group, New York, NY (Daniel A. Womac and Hilary R. Levine of counsel), for respondent (one brief filed).



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Brett Jones appeals from an order of the Supreme Court, Kings County (Lewis, J.), dated March 20, 2015, which granted the plaintiff's motion pursuant to CPLR 4401, made at the close of evidence, for judgment as a matter of law against him.
ORDERED that the order is affirmed, with costs.
In 2004, the defendant Brett Jones borrowed the sum of $337,455 from Option One Mortgage Corporation. The loan was secured by a mortgage on the subject property (hereinafter the Option One mortgage). Two years later, after defaulting on the Option One mortgage, Jones turned to MAI Management and Redemption, LLC (hereinafter MAI), for help in avoiding foreclosure. MAI located the defendant Kirk Gibson, who, for a fee, agreed to purchase the subject property from Jones and obtain a new mortgage to finance the purchase.
At the closing on November 13, 2006, a portion of the proceeds was used to pay off the Option One mortgage, and a satisfaction of mortgage discharging the Option One mortgage was issued. Gibson obtained two loans from the defendant Premium Capital Funding, LLC, doing business as TopDot Mortgage (hereinafter TopDot), in the amounts of $524,000 and $131,000, respectively. The larger loan was secured by a first mortgage on the subject property (hereinafter the TopDot mortgage), and the smaller loan was secured by a second mortgage.
Gibson subsequently defaulted on his mortgage payments, and the plaintiff, as successor-in-interest to TopDot, commenced this action in 2008 to foreclose the TopDot mortgage. Jones answered the complaint, asserting, inter alia, affirmative defenses that the plaintiff lacked standing, that the Option One mortgage was not paid off, and that the plaintiff was "perpetuating the fraud perpetrated upon [him]," as well as a counterclaim alleging that the deed by which Jones conveyed the subject property to Gibson was a forgery.
At a nonjury trial, the plaintiff offered the testimony of Nathan Musick, an assistant vice president of Bank of America National Association (hereinafter Bank of America). In relevant part, Musick testified that he is the authorized custodian of the original note relating to the TopDot mortgage, which has been kept in the regular course of Bank of America's business. Musick further confirmed, based on information contained in a database created by the plaintiff and transferred to Bank of America when the plaintiff was absorbed by merger into Bank of America's corporate structure, that the plaintiff took possession of the original note on November 28, 2006, before this action was commenced.
The plaintiff also offered the testimony of Steven Vasco, the notary public who witnessed the signatures of Jones and Gibson on the November 13, 2006, deed transferring the subject property to Gibson. Although Vasco had no independent recollection of the closing, he confirmed his signature and notary stamp on the deed, and explained the procedure he usually follows in verifying the identity of signatories.
Jones testified on his own behalf. In relevant part, he conceded that the grantor's signature appearing on the November 13, 2006, deed "look[ed] like" his, but maintained that he "would never sell [his] home" or "give [his] home away." He acknowledged receiving $56,675.82 from the 2006 refinancing transaction, and confirmed that, after the refinancing, he never again received another invoice or demand regarding the Option One mortgage.
At the close of evidence, the plaintiff moved pursuant to CPLR 4401 for judgment as a matter of law against Jones. The court granted the motion, and Jones appeals.
In reviewing a determination made after a nonjury trial, this Court's power is as broad at that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account that, in a close case, the trial court had the advantage of seeing and hearing the witnesses (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499; International Exterior Fabricators, LLC v Decoplast, Inc., 128 AD3d 1016, 1019).
"Any party may move for judgment with respect to a cause of action or issue upon the ground that the moving party is entitled to judgment as a matter of law, after the close of the evidence presented by an opposing party with respect to such cause of action or issue" (CPLR 4401). "A trial court's grant of a CPLR 4401 motion for judgment as a matter of law is appropriate where the trial court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party" (Szczerbiak v Pilat, 90 NY2d 553, 556; see Geeta Temple-Ashram v Satyanandji, 142 AD3d 1132, 1134). In considering such a motion, the trial court must afford the nonmoving party every inference that may properly be drawn from the facts presented (see Szczerbiak v Pilat, 90 NY2d at 556; Geeta Temple-Ashram v Satyanandji, 142 AD3d at 1134).
On appeal, Jones no longer contends that the 2006 deed was forged. Insofar as Jones contends that he was fraudulently induced into entering into the 2006 refinancing based on misrepresentations that the Option One mortgage would be paid off, his contention is belied by the unchallenged documentary evidence, as well as Jones's own testimony, all of which support the conclusion that the Option One mortgage was, in fact, satisfied in 2006. Accordingly, even considering the evidence in the light most favorable to Jones, there was no rational process by which the court, as the trier of fact, could have found that the Option One mortgage was not satisfied (see Szczerbiak v Pilat, 90 NY2d at 556).
Moreover, insofar as Jones alleges fraud in the factum with respect to the 2006 deed, i.e., that he "was induced to sign something entirely different than what he thought he was signing" (First Natl. Bank of Odessa v Fazzari, 10 NY2d 394, 397), the trial evidence failed to substantiate his claim. "Generally, a cause of action alleging that the plaintiff was induced to sign something different from what he or she thought was being signed only arises if the signer is illiterate, blind, or not a speaker of the language in which the document is written" (Anderson v Dinkes & Schwitzer, [*2]P.C., 150 AD3d 805, 806). No such circumstances were shown in this case. Thus, upon the evidence presented at trial, there is no rational process by which the trier of fact could base a finding in favor of Jones on a theory of fraud in the factum (see Szczerbiak v Pilat, 90 NY2d at 556).
Contrary to Jones's contention, the plaintiff established its standing by showing that it took possession of the subject note, endorsed in blank, on November 28, 2006, well before this action was commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 362).
Jones's remaining contentions are without merit.
LEVENTHAL, J.P., CHAMBERS, MALTESE and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court