Kela Tennis, Inc. v City of Mount Vernon (2026 NY Slip Op 00122)

Kela Tennis, Inc. v City of Mount Vernon

2026 NY Slip Op 00122

Decided on January 14, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 14, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
LOURDES M. VENTURA
PHILLIP HOM, JJ.

2024-03499
 (Index No. 59091/18)

[*1]Kela Tennis, Inc., respondent, 
vCity of Mount Vernon, appellant, et al., defendants.

Oxman Law Group, PLLC (Julie Pechersky Plitt, Marc S. Oxman, and Harris Beach Murtha Cullina PLLC, White Plains, NY [Brian D. Ginsberg], of counsel), for appellant.
Keane & Beane P.C. (James W. Borkowski, Andrew P. Tureaud, and Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains, NY [Karen H. Tommer and Guy Des Rosiers], of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant City of Mount Vernon appeals from an amended judgment of the Supreme Court, Westchester County (Lewis J. Lubell, J.), dated January 26, 2024. The amended judgment, upon a jury verdict, is in favor of the plaintiff and against the defendant City of Mount Vernon in the total sum of $11,789,892.12.
ORDERED that the amended judgment is reversed, on the law and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a new trial on the issue of damages only and the entry of an appropriate second amended judgment thereafter.
In February 2015, the plaintiff, Kela Tennis, Inc., and the defendant City of Mount Vernon entered into a license agreement (hereinafter the license agreement), pursuant to which the City granted the plaintiff the exclusive right to operate an indoor and outdoor tennis facility at Memorial Field for a term of 15 consecutive tennis seasons commencing on April 1, 2015, and continuing through November 30, 2029. The tennis facility was to be comprised of nine tennis courts, a number of which would be covered by a removable, air-inflated structure (hereinafter the bubble) during the winter months.
Pursuant to the license agreement, the City was required, among other things, to construct, at its own expense, a clubhouse at Memorial Field, which was to include bathrooms, a concession area, a pro shop, locker rooms, an event space, and a fitness center. In exchange, the plaintiff agreed to pay license fees to the City on a monthly basis, which were based, in part, on the anticipated revenues from the plaintiff's operation of the tennis facility.
In December 2015, the plaintiff and the City entered into an addendum to the license agreement (hereinafter the addendum), which acknowledged that the City had failed to complete the tennis facility in accordance with the license agreement and reduced the plaintiff's license fees by 50% until the tennis facility was completed. The plaintiff contended that, in January 2016, the City excused the plaintiff's obligation to pay further license fees until such time as the City completed the clubhouse.
In a letter dated February 3, 2018, counsel for the City informed the plaintiff that the plaintiff was in breach of the license agreement due to its failure to pay license fees. In a letter dated April 30, 2018, counsel for the City advised the plaintiff that the City was revoking the license agreement and demanded that the plaintiff vacate the tennis facility by June 1, 2018. On June 1, 2018, at approximately midnight, the City entered the tennis facility and rapidly deflated the bubble, allegedly causing damage to the bubble and the fixtures and equipment inside it.
The plaintiff thereafter commenced this action against the City, among others, inter alia, to recover damages for breach of the license agreement. In January 2020, following the completion of discovery, the plaintiff moved for summary judgment on the issue of liability on the causes of action to recover damages for breach of contract and breach of the covenant of good faith and fair dealing and dismissing the City's answer with affirmative defenses and counterclaims. The City, among other things, opposed the motion and disclosed for the first time that on or about December 24, 2008, it had entered into an intermunicipal agreement (hereinafter the IMA) with the County of Westchester regarding Memorial Field. The City argued, inter alia, that under the IMA, the City did not have the authority to enter into the license agreement, which rendered the license agreement invalid and unenforceable.
In an order dated September 2, 2020, the Supreme Court denied the plaintiff's motion and granted the, in effect, application of the City for leave to amend its answer to assert the affirmative defense of ultra vires.
In February 2023, the City moved to dismiss the complaint, contending that the license agreement was ultra vires and unenforceable because of the IMA. The City also argued that the license agreement required State legislative approval under the public trust doctrine because it contemplated the operation of a for-profit enterprise at Memorial Field. The Supreme Court denied the City's motion.
Thereafter, an 11-day bifurcated jury trial was held. At the close of the plaintiff's evidence on the issue of liability, the City made an application pursuant to CPLR 4401 for a directed verdict in its favor on the ground that the plaintiff had breached the license agreement by failing to pay the required license fees beginning in January 2016. The Supreme Court reserved decision.
At the close of evidence on the issue of liability, the City renewed its application for a directed verdict, relying on the ultra vires affirmative defense, and the plaintiff made an application to dismiss that affirmative defense. The Supreme Court granted the plaintiff's application to dismiss the ultra vires affirmative defense. However, the court permitted the jury to consider the fact that the IMA neither provided for the construction of tennis courts at Memorial Field, nor permitted profit-making ventures there.
On April 4, 2023, the jury returned a verdict in favor of the plaintiff and against the City on the issue of liability. On April 14, 2023, the jury returned a verdict on the issue of damages, awarding the plaintiff the sum of $9,391,567. On January 26, 2024, the Supreme Court issued an amended judgment, upon the jury verdict, in favor of the plaintiff and against the City in the total sum of $11,789,892.12. The City appeals.
The Supreme Court properly denied the City's application for a directed verdict. "'To be entitled to judgment as a matter of law pursuant to CPLR 4401, a defendant has the burden of showing that there is no rational process by which the jury could find in favor of the plaintiff and against the moving defendant'" (Delaney v Delaney, 83 AD3d 647, 648, quoting Velez v Goldenberg, 29 AD3d 780, 781; see Gonsalves v 35 W. 54 Realty Corp., 147 AD3d 815, 817; Wehr v Long Is. R.R. Co., 38 AD3d 880, 880-881). "'In considering the motion for judgment as a matter of law, the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant'" (Delaney v Delaney, 83 AD3d at 648, quoting Szczerbiak v Pilat, 90 NY2d 553, 556; see Centennial Contrs. Enters. v East N.Y. Renovation Corp., 79 AD3d 690, 691-692). "In making this determination, a court must not 'engage in a weighing of the evidence,' nor may it direct a verdict where 'the facts are in dispute, or where different inferences may be drawn or the credibility of witnesses is in question'" (Bzezi v Eldib, 112 AD3d 772, 774, quoting Dolitsky v Bay Isle Oil Co., 111 AD2d 366, 366; see Brownrigg v New York City Hous. Auth., 70 AD3d 619, 621). Here, the [*2]evidence adduced at trial established that the plaintiff failed to pay any license fees to the City after December 2015. Nevertheless, viewing the evidence in the light most favorable to the plaintiff, a rational process existed by which the jury could find that the City's material breach of the license agreement excused the plaintiff's performance (see Grace v Nappa, 46 NY2d 560, 567; Integrity Real Estate Consultants v Re/Max of N.Y., Inc., 213 AD3d 815, 819; PAS Tech. Servs., Inc. v Middle Vil. Healthcare Mgt., LLC, 92 AD3d 742, 744; see also Cobenas v Ginsburg Dev. Cos., LLC, 133 AD3d 813, 815; Poulakis v Town of Orangetown, 29 AD3d 882, 883).
The City's contention that the license agreement was ultra vires is without merit. The record established that the license agreement was executed in accordance with all relevant provisions of the Mount Vernon City Charter, in that, inter alia, the license agreement was approved by the Mount Vernon City Council and the Mount Vernon Board of Estimate and Contract (cf. Atalaya Asset Income Fund II, LP v HVS Tappan Beach, Inc., 175 AD3d 1370, 1371-1372; Michael R. Gianatasio, PE, P.C. v City of New York, 159 AD3d 659, 660; Clark v County of Nassau, 12 AD3d 633, 633; see generally Matter of Municipal Consultants & Publs. v Town of Ramapo, 47 NY2d 144, 150; Matter of Diederich v St. Lawrence, 78 AD3d 1290, 1292). Contrary to the City's contentions, nothing in the IMA rendered the City without authority to enter into the license agreement and State legislative approval of the license agreement was not required. Although the IMA dedicated Memorial Field to public use, the operation of the tennis facility at Memorial Field was a park purpose, notwithstanding that the license agreement permitted the plaintiff to charge fees for certain services (see Matter of Avella v City of New York, 29 NY3d 425, 439; Union Sq. Park Community Coalition, Inc. v New York City Dept. of Parks & Recreation, 22 NY3d 648, 657; Matter of City Club of N.Y., Inc. v Hudson Riv. Park Trust, Inc., 142 AD3d 803, 805; Matter of Committee to Preserve Brighton Beach & Manhattan Beach v Planning Commn. of City of N.Y., 259 AD2d 26, 36).
Further, the Supreme Court did not improvidently exercise its discretion in precluding the City from presenting evidence in support of its contention that a consent order that it had entered into with the New York State Department of Environmental Conservation relating to remediation of soil contamination at Memorial Field prevented the City from fulfilling its obligations under the license agreement. Among other things, the City failed to disclose those documents prior to trial (see Chihuahua v Birchwood Estates, LLC, 203 AD3d 1015, 1018; Mahgoub v 880 Realty, LLC, 150 AD3d 1216; Mikhailov v Katan, 116 AD3d 744, 745).
However, the Supreme Court improvidently exercised its discretion in precluding the City's damages expert from testifying at trial on the ground that the City's expert disclosure failed to comply with CPLR 3101(d). CPLR 3101(d)(1)(i) requires each party to "identify each person whom the party expects to call as an expert witness at trial and . . . disclose in reasonable detail the subject matter on which each expert is expected to testify, the substance of the facts and opinions on which each expert is expected to testify, the qualifications of each expert witness and a summary of the grounds for each expert's opinion." "'A determination regarding whether to preclude a party from introducing the testimony of an expert witness at trial based on the party's failure to comply with CPLR 3101(d)(1)(i) is left to the sound discretion of the court'" (Rivera v Montefiore Med. Ctr., 28 NY3d 999, 1002, quoting McGlauflin v Wadhwa, 265 AD2d 534, 534; see Katz v Petre Glass & Mirror Corp., 224 AD3d 825, 826; Mazzurco v Gordon, 173 AD3d 1001, 1002; Deandino v New York City Tr. Auth., 105 AD3d 801, 803). "Generally, preclusion is unwarranted without evidence of intentional or willful failure to disclose and a showing of prejudice by the party seeking preclusion" (Mazzurco v Gordon, 173 AD3d at 1002; see Cruz v Gustitos, 51 AD3d 963, 964). Here, the court determined that there was no willfulness on the part of the City in connection with the allegedly deficient expert disclosure. Further, the City's expert disclosure was not so inadequate as to cause surprise or prejudice to the plaintiff (see Casimir v Bar-Zvi, 36 AD3d 578, 579; Gagliardotto v Huntington Hosp., 25 AD3d 758, 758-759). Under these circumstances, the court should not have precluded the City's expert from testifying (see Burbige v Siben & Ferber, 115 AD3d 632, 633; Shopsin v Siben & Siben, 289 AD2d 220, 221). Accordingly, we remit the matter to the Supreme Court, Westchester County, for a new trial limited to the issue of the amount of damages to be awarded to the plaintiff and the entry of an appropriate second amended judgment thereafter (see Gubitosi v Hyppolite, 188 AD3d 1015, 1016; Nunez v Bardwil, 145 AD3d 909, 910; Fafard v Ajamian, 60 AD2d 853, 853). We uphold the jury verdict in favor of the plaintiff and against the City on the issue of liability.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
CONNOLLY, J.P., WOOTEN, VENTURA and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court