(June 24, 1996)

■ EARNEST ADAMS et al., Respondents, v NEW YORK STATE THRUWAY AUTHORITY, Appellant. [644 NYS2d 993]

This claim arises out of a multiple trailer truck collision which occurred on September 25, 1986, when the injured claimant (hereinafter claimant) was operating a truck on the New York State Thruway. The tires of the claimant's truck came into contact with a large oil spill, causing him to lose effective control of the truck and crash into a bridge abutment. The claimant remained pinned between a concrete retaining wall and his vehicle for over four hours, suffering from excruciating pain and severe injuries to his right leg. After a nonjury trial on liability (Lengyel, J.), the Court of Claims found that the defendant was negligent and that its negligence was the sole cause of the accident.

After a nonjury trial on damages, the claimant was awarded $450,000 for past pain and suffering, $200,000 for future pain and suffering, $273,752 for past lost earnings, $1,218,648 for future lost earnings and $22,378 for medical expenses. A structured judgment was subsequently entered.

Contrary to the defendant's assertion, the trial court properly credited the testimony of the claimant's economist as to the claimant's past and future lost wages. Significantly, although the defendant disputes the methods of the expert, the defendant offered no expert testimony of its own. The methods used by the claimant's expert were not unreasonable and were fully supported (*see, Karagiannis v New York State Thruway Auth.*, 187 AD2d 1009; *see also, Caruso v LeFrois Bldrs.*, 217 AD2d 256; *Brown v State of New York*, 184 AD2d 126). Accordingly, the trial court's award for past and future lost wages of $273,752 and $1,218,648 respectively, was proper.

Upon consideration of the evidence adduced at trial, the award for pain and suffering constitutes reasonable compensa-

tion (see, CPLR 5501 [c]; *Burton v New York City Hous. Auth.*, 191 AD2d 669; *Cranston v Oxford Resources Corp.*, 173 AD2d 757).

The defendant's remaining contentions are without merit. Bracken, J. P., Krausman, Goldstein and Florio, JJ., concur.