■ JUAN FLORES, Appellant, v NEW YORK HOSPITAL-CORNELL MEDICAL CENTER, Respondent. [743 NYS2d 267] —Judgment,

Supreme Court, New York County (Nicholas Figueroa, J.), entered March 2, 2001, upon a jury verdict in defendant's favor, unanimously affirmed, without costs.

Defendant's CPLR 3101 (d) response respecting the expert testimony it intended to offer at trial apprised plaintiff that defendant's experts would dispute and rebut plaintiff's theory that his injury was caused by the failure of defendant, through its on-call anesthesiologist, to properly monitor and regulate plaintiff's body fluid levels. This response, although not detailed, was adequate, under all of the circumstances presented, including plaintiff's access to the hospital record in which plaintiff's anesthesiologist noted various theories other than improper fluid management to explain plaintiff's postoperative condition. All of this put plaintiff on notice that defendant's expert would in his trial testimony attribute plaintiff's injury to causes other than those urged by plaintiff (*see, Ryan v City of New York*, 269 AD2d 170). Accordingly, the admission of the challenged expert testimony positing a theory of causation different from that espoused by plaintiff was proper and does not constitute a basis to disturb the judgment in defendant's favor. Concur—Williams, P.J., Nardelli, Rosenberger, Marlow and Gonzalez, JJ.