■ SCG ARCHITECTS et al., Appellants, v SMITH, BUSS & JACOBS, LLP, Respondent. [952 NYS2d 896]—

In an action to recover damages for legal malpractice, the plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Bellantoni, J.), entered June 9, 2011, which, upon a jury verdict, is in favor of the defendant and against them dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiffs commenced this action alleging that the defendant law firm committed legal malpractice in connection with its preparation of an offering plan for a condominium. After trial, the jury returned a verdict in favor of the defendant, finding that it did not fail to use the degree of care customarily exercised by similar attorneys in the legal community in connection with the legal services provided to the plaintiffs. The plaintiffs appeal.

The Supreme Court providently exercised its discretion in denying the plaintiffs' motion to preclude the defendant's expert from testifying due to inadequate expert disclosure pursuant to CPLR 3101 (d). CPLR 3101 (d) (1) (i) does not mandate that a party be precluded from proffering expert testimony merely because of noncompliance, " 'unless there is evidence of intentional or willful failure to disclose and a showing of prejudice by the opposing party' " (*Browne v Smith*, 65 AD3d 996, 997 [2009], quoting *Hernandez-Vega v Zwanger-Pesiri Radiology Group*, 39 AD3d 710, 711 [2007]; *see Aversa v Taubes*, 194 AD2d 580, 582 [1993]). Here, the defendant's expert disclosure, although not detailed, was adequate under the circumstances, and the plaintiffs failed to show that they were prejudiced thereby (*see Flores v New York Hosp.-Cornell Med. Ctr.*, 294 AD2d 263, 264 [2002]).

The jury's finding was based on a fair interpretation of the evidence, and thus was not against the weight of the evidence (*see Nicastro v Park*, 113 AD2d 129, 134-135 [1985]).

The plaintiffs' remaining contentions concerning the jury charge and certain comments made by the trial court are unpreserved for appellate review, and we decline to address them in the interest of justice (*see* CPLR 5501 [a] [4]; *Schlecter v Abbondadello*, 5 AD3d 582, 583 [2004]). Rivera, J.P., Angiolillo, Chambers and Roman, JJ., concur.