■ SOLANGE ARROYO, Respondent, v KENNETH CLARKE et al., Appellants. [49 NYS3d 660]—

Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered May 9, 2016, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff alleges that she was injured when she slipped on icy steps in front of defendants' residence. The record shows that defendant Kenneth Clarke testified that sheets of icy rain had been falling all morning on the day of the accident, and that the steps had been cleared earlier that morning by a man he had hired to clear snow and ice. However, plaintiff and a neighbor who lived across the street testified that there was no precipitation on the morning of the accident, but that it had snowed two and three days earlier. Plaintiff also stated that she had not seen the man defendant had hired to clear the steps, either after the previous snowfall or that morning, although she was home and would have been aware of his presence. Moreover, there are conflicting opinions of expert meteorologists regarding the weather conditions on the morning of plaintiff's fall. Under these circumstances, summary judgment was properly denied, since triable issues of fact exist

as to whether there was a storm in progress on the morning of plaintiff's accident, which would have suspended defendants' obligation to clear the steps of snow and ice (*see Pipero v New York City Tr. Auth.*, 69 AD3d 493 [1st Dept 2010]).

Furthermore, assuming that there was no storm in progress, the record also presents issues of fact as to whether anyone acting on defendants' behalf ever inspected and cleared the steps, either on the morning of the accident or after the prior snowfall, and, if so, whether such person's "failure to place sand or salt on the stairs created or exacerbated a dangerous condition" after the prior storm (*id.* at 493). Concur—Friedman, J.P., Andrias, Gische and Webber, JJ.