Feteha v Scheinman (2019 NY Slip Op 01199)





Feteha v Scheinman


2019 NY Slip Op 01199


Decided on February 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2016-01741
 (Index No. 8519/10)

[*1]Randi Feteha, appellant, 
v
Marcel Scheinman, etc., respondent.


Laffan & Laffan, LLP, Mineola, NY (Maura V. Laffan of counsel), for appellant.
Marulli, Lindenbaum & Tomaszewski, LLP, New York, NY (Aleksandr Gelerman and John Tomaszewski of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Robert L. Nahman, J.), entered November 25, 2015. The judgment, upon the granting of the defendant's motion pursuant to CPLR 4401, made at the close of the plaintiff's case, for judgment as a matter of law dismissing the complaint, is in favor of the defendant and against her dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
The plaintiff commenced this action sounding in medical malpractice to recover damages for injuries she sustained arising from an elective brachioplasty surgery performed by the defendant. At the close of the plaintiff's case at a jury trial, the Supreme Court granted the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint. Judgment was entered accordingly, dismissing the complaint. The plaintiff appeals.
To establish a prima facie case of liability in a medical malpractice action, "a plaintiff must prove that the defendant deviated or departed from accepted community standards of practice and that such departure was a proximate cause of the plaintiff's injuries" (Coletti v Deutsch, 150 AD3d 1196, 1197 [internal quotation marks omitted]; see Keun Young Kim v Lenox Hill Hosp., 156 AD3d 774; Kerrins v South Nassau Communities Hosp., 148 AD3d 795; Leavy v Merriam, 133 AD3d 636). " Expert testimony is necessary to prove a deviation from accepted standards of medical care and to establish proximate cause'" (Dray v Staten Is. Univ. Hosp., 160 AD3d 614, 618, quoting Nichols v Stamer, 49 AD3d 832, 833; see Lyons v McCauley, 252 AD2d 516, 517).
To succeed on a motion for judgment as a matter of law pursuant to CPLR 4401, a defendant has the burden of showing that there is no rational process by which the jury could find in favor of the plaintiff and against the moving defendant (see Szczerbiak v Pilat, 90 NY2d 553). In determining whether the defendant has met this burden, a court must accept the plaintiff's evidence as true and accord the plaintiff the benefit of every favorable inference which can reasonably be drawn from the evidence presented at trial (see id. at 556; Figueroa v City of New York, 101 AD3d 674, 674; Liounis v New York City Tr. Auth., 92 AD3d 643, 643; Tapia v Dattco, Inc., 32 AD3d 842, 844).
We agree with the Supreme Court's granting of the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint. Upon accepting the plaintiff's evidence as true and according the plaintiff the benefit of every favorable inference, the court was confronted with the admissions of the plaintiff's medical expert who indicated, during her cross-examination testimony, that the posterior approach to brachioplasty, the procedure used by the defendant, while not the expert's preferred method, is an accepted procedure and is within the standard of care. This was repeated during recross examination when the plaintiff's expert acknowledged that the posterior brachioplasty is an accepted procedure in the field of plastic surgery. The plaintiff's expert rendered no testimony establishing the manner in which the defendant's conduct deviated from the accepted standard of care, as her testimony centered around her preferred method for brachioplasty, which simply differed from the defendant's approach.
"A doctor may be liable only if the doctor's treatment decisions do not reflect his or her own best judgment, or fall short of the generally accepted standard of care" (Nestorowich v Ricotta, 97 NY2d 393, 399). Here, the plaintiff's medical expert admitted multiple times that the defendant performed an accepted brachioplasty surgery that falls within the standard of care for such procedures. Such admissions were fatal to the plaintiff's establishment of a prima facie case on the issue of liability for medical malpractice (see Nestorowich v Ricotta, 97 NY2d at 399; Davis v Patel, 287 AD2d 479; Ibguy v State of New York, 261 AD2d 510).
We do not address the plaintiff's remaining contentions, as they involve matter dehors the record (see Schwarz v Margie, 62 AD3d 780; Mendoza v Plaza Homes, LLC, 55 AD3d 692), or are unpreserved for appellate review (see SCG Architects v Smith, Buss & Jacobs, LLP, 100 AD3d 619).
SCHEINKMAN, P.J., DILLON, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court