Simon v Granite Bldg. 2, LLC (2019 NY Slip Op 02373)





Simon v Granite Bldg. 2, LLC


2019 NY Slip Op 02373


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2016-05840
2016-10557
2017-04748
 (Index No. 22101/08)

[*1]Charles Simon, etc., plaintiff-respondent, 
v
Granite Building 2, LLC, defendant-appellant-respondent, Kulka Contracting, LLC, defendant-respondent-appellant, FXR Construction, Inc., defendant-respondent, et al., defendants.


Quirk and Bakalor, P.C. (Shaub, Ahmuty, Citrin & Spratt, LLP, New York, NY [Timothy R. Capowski and Sofya Uvaydov], of counsel), for defendant-appellant-respondent.
Armienti, DeBellis, Guglielmo & Rhoden, LLP, New York, NY (Harriet Wong and Vanessa M. Corchia of counsel), for defendant-respondent-appellant.
Rosenberg & Gluck, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Michael H. Zhu], of counsel), for plaintiff-respondent.
White Fleischner & Fino, LLP, New York, NY (Nancy Davis Lewis of counsel), for defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries and wrongful death, the defendant Granite Building 2, LLC, appeals from (1) an order of the Supreme Court, Nassau County (Jeffrey S. Brown, J.), entered April 26, 2016, (2) an order of the same court entered September 13, 2016, and (3) a judgment of the same court entered March 23, 2017, and the defendant Kulka Contracting, LLC, cross-appeals from (1) the order entered April 26, 2016, and (2) the judgment. The order entered April 26, 2016, insofar as appealed and cross-appealed from, denied those branches of the appellants' separate motions which were pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of liability as contrary to the weight of the evidence and for a new trial, to set aside the jury verdict on the issue of damages for the decedent's pre-impact terror as contrary to the weight of the evidence and for a new trial, or to reduce, as excessive, the damages awarded for the decedent's pre-impact terror, and to set aside the jury verdict on all issues in the interest of justice and for a new trial, and granted those branches of the appellants' separate motions which were pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of damages for the plaintiff's past and future pain and suffering, the plaintiff's past and future economic loss, and the decedent's past and future economic loss, and for a new trial on those damages, or to vacate or reduce, as excessive, those damages, only to the extent of directing a new trial on those damages unless the plaintiff stipulated to reduce the damages for the plaintiff's past pain and suffering from the principal sum of $3,000,000 to the principal sum of $1,500,000, for the plaintiff's future pain and suffering from [*2]the principal sum of $3,000,000 to the principal sum of $1,500,000, for the plaintiff's past and future economic loss from the principal sum of $1,495,000 to the principal sum of $747,500, and the decedent's past and future economic loss from the principal sum of $1,440,000 to the principal sum of $720,000. The order entered September 13, 2016, insofar as appealed from by the defendant Granite Building 2, LLC, denied that defendant's motion for leave to renew and reargue its prior motion pursuant to CPLR 4404(a). The judgment, insofar as appealed from, upon the denial of the motion of the defendant Kulka Contracting, LLC, pursuant to CPLR 4401 for judgment as a matter of law made at the close of the plaintiff's case, upon the jury verdict, upon the order entered April 26, 2016, and upon the plaintiff's stipulation to reduce the damages awards as directed in the order entered April 26, 2016, is in favor of the plaintiff and against the appellants and another defendant in the principal sum of $4,772,614.80.
ORDERED that the appeal from so much of the order entered September 13, 2016, as denied that branch of the motion of the defendant Granite Building 2, LLC, which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the appeals from the order entered April 26, 2016, and from so much of the order entered September 13, 2016, as denied that branch of the motion of the defendant Granite Building 2, LLC, which was for leave to renew are dismissed; and it is further,
ORDERED that the judgment is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeals from the order entered April 26, 2016, and from so much of the order entered September 13, 2016, as denied that branch of the motion of the defendant Granite Building 2, LLC (hereinafter Granite), which was for leave to renew must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the order entered April 26, 2016, and from so much of the order entered September 13, 2016, as denied that branch of Granite's motion which was for leave to renew are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The plaintiff and his wife (hereinafter the decedent) were hired to hang wallpaper in a newly constructed office building, which was owned by Granite. Kulka Contracting, LLC (hereinafter Kulka), had contracted with Granite to perform as the site construction manager. The incident giving rise to this action occurred at approximately 8:30 a.m. on February 13, 2008, the day the plaintiff and the decedent were scheduled to commence work in the building. While it had been snowing on February 12, 2008, the day before the accident, in the early morning hours of February 13, 2008, the snow changed to rain. It was raining on the morning of February 13, 2008, when the decedent drove her vehicle, with the plaintiff as a passenger, to the job site. When the plaintiff and the decedent were unable to enter the building through the front entrance, the decedent drove the vehicle through an opening in a fence onto the upper deck of an adjacent parking garage that was still under construction. When the vehicle was approximately halfway between the opening gate in the fence and the leading edge of the parking garage, the decedent informed the plaintiff that she could not stop. The vehicle slid on the ice until it reached the edge of the incomplete parking garage, broke through the steel cable guardrail system, and fell approximately 32 feet into an excavation pit in the location of the lower level of the garage. The plaintiff jumped out of the vehicle before it fell, and watched as the vehicle fell into the pit with the decedent, who screamed his name out while the vehicle fell and died at the scene (see Simon v Granite Bldg. 2, LLC, 114 AD3d 749, 752).
The plaintiff, individually and as the administrator of the decedent's estate, subsequently commenced this action against, among others, Granite and Kulka to recover damages for personal injuries and wrongful death, alleging, inter alia, violations of Labor Law § 200 and common-law negligence. After a trial, the jury found that Granite and Kulka were both negligent, and apportioned 60% of the fault in the happening of the incident to Granite, 30% of the fault to Kulka, 10% of the fault to another defendant, and 0% to the decedent. The jury awarded, inter alia, damages in the sum of $500,000 for the decedent's pre-impact terror, $3,000,000 for the plaintiff's [*3]past pain and suffering, $3,000,000 for the plaintiff's future pain and suffering, $1,495,000 for the plaintiff's past and future economic loss, and $1,440,000 for the decedent's past and future economic loss.
Granite moved, inter alia, pursuant to CPLR 4404(a) to set aside the verdict as contrary to the weight of the evidence and for a new trial on the issue of liability on the ground that the Supreme Court should not have permitted the jury to consider a claim of liability against them that was barred as a matter of law by the "storm in progress" doctrine, as well as for a new trial or substantial remittitur of the awards for the decedent's pre-impact terror, the plaintiff's past and future pain and suffering, the plaintiff's past and future economic loss, and the decedent's past and future economic loss. Kulka separately moved, inter alia, pursuant to CPLR 4404(a) to set aside the verdict and for a new trial based on various alleged erroneous rulings made by the court, and/or to direct a new trial on the issue of damages on the ground that the verdict was excessive.
In an order dated April 22, 2016, the court denied the motions of Granite and Kulka (hereinafter together the defendants) except to the extent that it directed a new trial on the issue of damages for the plaintiff's past and future pain and suffering, the plaintiff's past and future economic loss, and the decedent's past and future economic loss, unless the plaintiff stipulated to reduce the damages for the plaintiff's past and future pain and suffering to the sum of $3,000,000, the damages for the plaintiff's past and future economic loss to the sum of $747,500, and the damages for the decedent's past and future economic loss to the sum of $720,000. The defendants appeal.
"A motion pursuant to CPLR 4404(a) to set aside a verdict and for a new trial in the interest of justice encompasses errors in the trial court's rulings on the admissibility of evidence, mistakes in the charge, misconduct, newly discovered evidence, and surprise" (Russo v Levat, 143 AD3d 966, 968; see Morency v Horizon Transp. Servs., Inc., 139 AD3d 1021, 1022-1023; Allen v Uh, 82 AD3d 1025, 1025).
We agree with the Supreme Court's denial of those branches of the defendants' motions which were pursuant to CPLR 4404(a) to set aside the verdict on the issue of liability and for a new trial which were made on the ground that the plaintiff's claim regarding the defendants' failure to plow and salt the parking deck should not have been submitted to the jury because said claim was barred as a matter of law by the storm in progress doctrine. The court did not err in submitting the issue of whether there was a storm in progress to the jury, as there was a triable issue of fact as to whether there was an ongoing storm at the time of the accident (see Arroyo v Clarke, 148 AD3d 479; Calix v New York City Tr. Auth., 14 AD3d 583). In any event, the claim that there was a storm in progress was a defense to only one theory of liability presented to the jury, i.e., the failure to salt and plow the lot under construction. Based upon the evidence, there were other distinct and sufficient grounds, all of which were unrelated to the issue of the storm in progress, that were presented to the jury to provide them with a basis for a determination that the defendants' negligence in maintaining the property resulted in the vehicle sliding into the excavation pit (see e.g. Santiago v New York City Hous. Auth., 268 AD2d 203). These grounds included failing to ensure the fence to the parking garage under construction was closed, failing to have placed a barricade at the edge of the excavation pit, and allowing the drains to be taped closed causing the ice on which the plaintiff's vehicle slid to form.
"To succeed on a motion for judgment as a matter of law pursuant to CPLR 4401, a defendant has the burden of showing that there is no rational process by which the jury could find in favor of the plaintiff and against the moving defendant" (Feteha v Scheinman, __ AD3d __, __, 2019 NY Slip Op 01199, *1 [2d Dept 2019]; see Szczerbiak v Pilat, 90 NY2d 553). "In determining whether the defendant has met this burden, a court must accept the plaintiff's evidence as true and accord the plaintiff the benefit of every favorable inference which can reasonably be drawn from the evidence presented at trial" (Feteha v Scheinman, __ AD3d at __, 2019 NY Slip Op 01199, *1; see Szczerbiak v Pilat, 90 NY2d at 556).
Contrary to Kulka's contention, the fact that it was the construction manager at the site did not absolve it of owing a duty of care to the plaintiffs, and entitle it to judgment as a matter [*4]of law dismissing the Labor Law § 200 and negligence claims against it. "Although a construction manager is generally not considered a contractor responsible for the safety of the workers at a construction site pursuant to Labor Law § 200, . . . it may nonetheless become responsible if it has been delegated the authority and duties of a general contractor, or if it functions as an agent of the owner of the premises" (Rodriguez v JMB Architecture, LLC, 82 AD3d 949, 950). "The label of construction manager versus general contractor is not necessarily determinative" (Walls v Turner Constr. Co., 4 NY3d 861, 864; see Lodato v Greyhawk N. Am., LLC, 39 AD3d 491, 493). Moreover, when a plaintiff's injuries stem from dangerous premises conditions at a work site, the general contractor may be held for a violation of Labor Law § 200 if he or she had control over the work site and either created the condition that caused the accident, or had actual or constructive notice of the dangerous condition (see Honeyman v Curiosity Works, Inc., 154 AD3d 820, 822; Ortega v Puccia, 57 AD3d 54, 61; Wynne v State of New York, 53 AD3d 656, 657).
Here, viewing the evidence in the light most favorable to the plaintiffs, and affording them every inference which may properly be drawn from the facts presented, a rational jury could have found that Kulka functioned as a general contractor having control over the work site, and possessed actual or constructive notice of the dangerous conditions that caused the accident, and was negligent with regard to keeping the premises safe. The jury made a credibility determination that, even though Kulka was designated a "construction manager," it also acted as a general contractor. The jury's resolution of this credibility issue against Kulka is entitled to deference (see Lalla v Connolly, 17 AD3d 322, 323). The testimony demonstrated that there was no general contractor at the site, and that Kulka, as construction manager of the property, took on duties of a general contractor, and was responsible to make sure the job site was safe and to make recommendations regarding safety. Also, Kulka was aware the fence had been opened, and was also aware that at this stage of the construction the drains could be covered.
Contrary to the defendants' contention, the reduced awards totaling $3,000,000 to the plaintiff for his past and future pain and suffering, and the award of $500,000 for the decedent's pre-impact terror, do not deviate materially from what would be reasonable compensation (see CPLR 5501[c]). Additionally, although the defendants dispute the methods of the plaintiffs' economist, they failed to offer expert testimony of their own (see Adams v New York State Thruway Auth., 228 AD2d 627). Moreover, the reduced awards totaling $720,000 for the decedent's past and future and economic loss, and the reduced awards totaling $747,500 for the plaintiff's past and future economic loss, did not deviate materially from what would be reasonable compensation (see Vatalaro v County of Suffolk, 163 AD3d 893).
Any error in the admission of certain testimony and jury instructions is harmless, as we are satisfied that the result would have been the same if the alleged errors had not occurred (see Rosenberg v Jing Jiang, 153 AD3d 744, 745; CPLR 2002).
The defendants' remaining contentions either are without merit or have been rendered academic in light of our determination.
MASTRO, J.P., COHEN, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court